UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 08-1249-GW(JCx) | Date | January 17, 2014 |
|---|---|---|---|
| Title | *Marcelo Cunha v. Hansen Natural Corporation, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Javier Gonzalez | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None Present | | None Present | |

**PROCEEDINGS (IN CHAMBERS):**     **FINAL RULING ON MOTION FOR CLASS CERTIFICATION [117]**

     The Court has considered the issues raised by the parties at the at June 20, 2013 hearing on the Motion for Class Certification (the "Motion") (Docket No. 150), the parties' briefing and supporting evidence on the Motion (Docket Nos. 117, 118, 119, 120, 124, 125, 126, 130, 131, 132, 134, 135, 136, 139, 140, 145, 146, 147, 148) and the additional notices and responses filed by the parties (Docket Nos. 151, 152, 153). After review, the Court adheres to its tentative ruling and DENIES the Motion for the reasons set forth in the tentative order.

     The Court further notes that *Cammer v. Bloom*, 711 F. Supp. 1264 (D.N.J. 1989), expressly disclaims the idea that Plaintiff can create a presumption of an efficient market <u>solely</u> by showing that the stock at issue trades on the NASDAQ. Most cases applying *Cammer* follow suit by analyzing the *Cammer* factors (not just the stock's presence on the NASDAQ) in order to determine whether the presumption applies. *See, e.g, In re Juniper Networks Sec. Litig.*, 264 F.R.D. 584 (N.D. Cal. 2009) (analyzing the *Cammer* factors even though stock trades on the NASDAQ); *In re DVI, Inc. Sec. Litig.*, 639 F.3d 623 (3d Cir. 2010) (stating that the fact that a stock trades on the NASDAQ "weighs in favor" of the presumption); *Smilovits v. First Solar, Inc.*, 2013 U.S. Dist. LEXIS 146233 (D. Ariz. 2013) (same). As a result, the Court's finding that Plaintiff has not demonstrated sufficient evidence of the fifth *Cammer* factor leads the Court to conclude that Plaintiff has not met its burden to generate a presumption that the market for Hansen stock is efficient.

     The Court also notes that the U.S. Supreme Court has recently granted certiorari in *Halliburton Co. v. Erica P. John Fund, Inc.*, 718 F.3d 423 (5th Cir. 2013), in which Halliburton seeks reconsideration of the scope of the fraud on the market presumption. The Supreme Court could potentially overrule *Basic Inc. v. Levinson*, 485 U.S. 224 (1988), and substantially change the law regarding the fraud on the market presumption. This Court is not inclined to stay the case pending the resolution of the *Halliburton* case; it simply notes that the law cited in the tentative order, as adopted here, may change substantially.

     The Court, however, denies the motion WITHOUT PREJUDICE to Plaintiff attempting to file

                                                                                                                                     :

Initials of Preparer    JG

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 08-1249-GW(JCx) | Date | January 17, 2014 |
|---|---|---|---|
| Title | *Marcelo Cunha v. Hansen Natural Corporation, et al.* | | |

another motion for class certification. While Plaintiff's showing regarding the predomin-ance requirement was insufficient to carry its burden of establishing an efficient market for Hansen stock, the evidence does not suggest that the market is clearly inefficient or that a showing of market efficiency would be impossible. *See, e.g., Guido v. L'Oreal, USA, Inc.*, 2013 U.S. Dist. LEXIS 94031, at *45-46 (C.D. Cal. 2013) ("The denial of class certification is without prejudice, however, because the Court cannot make a final determination on the present record regarding whether predominance can be satisfied."). Should Plaintiff wish to file another motion for class certification, Plaintiff should ensure that any such motion addresses the Court's concerns regarding the evidence supporting a finding of market efficiency.

      A Status conference is set for **February 6, 2014 at 8:30 a.m.** Parties may appear telephonically provided that notice is given to the clerk by February 4, 2014.

:

Initials of Preparer    JG