ROBBINS GELLER RUDMAN
  & DOWD LLP
DOUGLAS R. BRITTON (188769)
JEFFREY D. LIGHT (159515)
X. JAY ALVAREZ (134781)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dougb@rgrdlaw.com
jeffl@rgrdlaw.com
jaya@rgrdlaw.com
      – and –
DANIEL J. PFEFFERBAUM (248631)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
dpfefferbaum@rgrdlaw.com

Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| MARCELO CUNHA, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> HANSEN NATURAL CORPORATION, et al., <br><br> Defendants. | No. ED-CV-08-01249-GW(JCx) <br><br> <u>CLASS ACTION</u> <br><br> STIPULATION OF SETTLEMENT |

908791_6

1       This Stipulation of Settlement dated April 16, 2014 (the "Stipulation"),

2  submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure, embodies a

3  settlement (the "Settlement") made and entered into by and among the following

4  Settling Parties: (i) Structural Ironworkers Local Union #1 Pension Fund ("Lead

5  Plaintiff"), on behalf of itself and each of the members of the Settlement Class, as

6  defined in ¶¶1.21-1.22, *infra*, on the one hand, and (ii) Hansen Natural Corporation,

7  n/k/a Monster Beverage Corporation ("Hansen" or the "Company"), Rodney C. Sacks,

8  and Hilton H. Schlosberg (the "Individual Defendants," together with Hansen, the

9  "Defendants") on the other hand, by and through their counsel of record in the above-

10 captioned litigation pending in the United States District Court for the Central District

11 of California (the "Action").  The Stipulation is intended by the Settling Parties to

12 fully, finally, and forever resolve, discharge, and settle the Action and the Released

13 Claims, upon and subject to the terms and conditions hereof and subject to the

14 approval of the Court.  Throughout this Stipulation, all capitalized terms used, but not

15 immediately defined, have the meanings given to them in Section IV.1, below.

16 **I.**    **THE LITIGATION**

17      On September 11, 2008, Marcelo Cunha filed a proposed class action (the

18 "Complaint") in the United States District Court for the Central District of California,

19 captioned *Cunha v. Hansen Natural Corp., et al.*, No. ED-CV-08-01249-SGL(JCx),

20 alleging that Defendants had violated §§10(b) and 20(a) of the Securities Exchange

21 Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.  On

22 September 17, 2008, a second federal securities class action complaint, styled *Brown*

23 *v. Hansen Natural Corp., et al.*, No. ED-CV-08-01278 VAP(SHx), was filed in the

24 United States District Court for the Central District of California.

25      On July 13, 2009, the Court consolidated the two actions and appointed

26 Structural Ironworkers Local Union #1 Pension Fund as Lead Plaintiff and Coughlin

27 Stoia Geller Rudman & Dowd LLP n/k/a Robbins Geller Rudman & Dowd LLP as

28

908791_6

- 1 -

1    Lead Counsel.  Lead Plaintiff filed a consolidated complaint on August 28, 2009 (the
2    "Consolidated Complaint").  The Consolidated Complaint alleged that Defendants and
3    Thomas J. Kelly misrepresented and omitted material facts about Hansen's business,
4    including, among other things, the state of its distribution relationship with Anheuser-
5    Busch ("AB") and the benefits to be derived therefrom.

6         On November 16, 2009, Defendants filed a motion to dismiss the Consolidated
7    Complaint.  Lead Plaintiff filed an opposition on January 8, 2010 and Defendants filed
8    their reply on February 8, 2010.  The Court granted the motion to dismiss with leave
9    to amend on July 12, 2010.  Lead Plaintiff filed a consolidated amended complaint on
10   August 27, 2010 (the "CAC"), that, among other things, dropped Thomas J. Kelly as a
11   defendant and added certain new allegations, including that Hansen purportedly
12   engaged in a "channel stuffing" scheme during the Class Period relating to sales to AB
13   distributors.

14        Defendants filed a motion to dismiss the CAC on November 8, 2010.  After
15   multiple submissions between January 14, 2011 and July 26, 2011, including an
16   opposition, a reply, notices of recent decisions and responses thereto, and additional
17   supplemental briefing, the Court granted in part and denied in part Defendants'
18   motion to dismiss the CAC on September 4, 2012.

19        The Court, thereafter, held a status conference on September 20, 2012.  During
20   the conference, it granted Defendants permission to file a motion for reconsideration
21   or certification for interlocutory appeal with respect to the Court's decision on
22   Defendants' motion to dismiss the CAC.  On October 22, 2012, the Court denied
23   Defendants' motion for reconsideration or certification for interlocutory appeal and set
24   a schedule for class certification discovery and briefing.  The Court stayed all merits
25   discovery in the case pending a determination on class certification.  On November
26   19, 2012, Defendants filed their answer to the CAC.

27

28

908791_6

- 2 -

1    Pursuant to the schedule outlined by the Court, Lead Plaintiff filed its motion
2    for class certification on December 6, 2012.  The parties also proceeded with class
3    certification discovery, with Defendants taking the deposition of Lead Plaintiff's
4    representative on February 7, 2013.  Defendants filed their opposition on February 22,
5    2013.  Lead Plaintiff filed its reply on April 1, 2013, and included an expert report to
6    respond to the expert report submitted by Defendants with their opposition.  The
7    parties submitted additional expert reports and supplemental briefing on May 30, 2013
8    and June 7, 2013.  On June 20, 2013, the Court issued a tentative ruling denying Lead
9    Plaintiff's motion for class certification without prejudice and issued its final ruling,
10   adhering to its tentative decision, on January 17, 2014.

11   In connection with their settlement efforts, the parties engaged in a mediation
12   process with the Honorable Layn R. Phillips, United States District Judge (Ret.),
13   which included the submission of mediation statements, a full-day mediation session,
14   and further negotiations conducted through the mediator.

15   **II.   CLAIMS OF LEAD PLAINTIFF AND BENEFITS OF SETTLEMENT**

16   Lead Plaintiff and Lead Counsel believe that the claims asserted in the Action
17   have merit.  However, Lead Plaintiff and Lead Counsel recognize and acknowledge
18   the uncertainties presented by continued proceedings, including further proceedings
19   with regard to class certification, discovery, summary judgment or trial.   Lead
20   Plaintiff and Lead Counsel have taken into account the uncertain outcome and the risk
21   of any litigation, especially in complex actions such as this Action, as well as the
22   difficulties and delays inherent in such litigation.  Lead Plaintiff and Lead Counsel
23   also are aware of the defenses to the securities law violations asserted in the Action.
24   Lead Plaintiff and Lead Counsel believe that the Settlement set forth in this
25   Stipulation confers a substantial and certain benefit upon the Settlement Class in a
26   case of considerable complexity.  Based on their evaluation, Lead Plaintiff and Lead
27
28

908791_6

- 3 -

Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Lead Plaintiff and the Settlement Class.

## III.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have denied and continue to deny that they have violated the federal securities laws or any laws.  Defendants have denied and continue to deny specifically each and all of the claims and contentions alleged in the Action, along with all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action, including but not limited to those contained in the Complaint, the Consolidated Complaint and the CAC.  Defendants also have denied and continue to deny, *inter alia*, the allegations that Defendants violated the federal securities laws; that any of the Defendants made or caused to be made any material misstatements or omissions; that any of the Defendants acted with scienter; that any of the Defendants sold Hansen common stock based on material nonpublic information; that the price of Hansen common stock was artificially inflated by reason of the alleged misrepresentations, omissions, or otherwise; or that any member of the Settlement Class has suffered damages or was harmed by the conduct alleged in the Action.  Defendants maintain that all of the claims alleged in the Action have no merit.

Nonetheless, taking into account the uncertainty, risks, and costs inherent in any litigation, especially in complex cases such as this Action, and to eliminate the burden and disruption to the Company and management that would result from further litigation, Defendants have concluded that it is desirable and beneficial that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## IV.   TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiff (for itself and the members of the Settlement Class), on the one

hand, and Defendants, on the other hand, by and through their respective counsel of record, that, subject to the approval of the Court, in consideration of the benefits flowing to the Settling Parties from the Settlement set forth herein, the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows:

## 1.    Definitions

As used in the Stipulation, the following terms have the meanings specified below[1]:

1.1    "Authorized Claimant" means any member of the Settlement Class who submits a timely and valid Proof of Claim and Release form, as described in ¶7.3 hereof, and whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2    "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.3    "Class Period" means the period between November 9, 2006 and November 8, 2007, inclusive.

1.4    "Defendants" mean Hansen, Rodney C. Sacks and Hilton H. Schlosberg.

1.5    "Effective Date" means the first date by which all of the events and conditions specified in ¶10.1 of the Stipulation have been met and have occurred.

1.6    "Escrow Account" means an interest-bearing escrow account maintained by and at the Escrow Agent, controlled by Lead Counsel, into which Defendants shall cause the deposit of the Settlement Amount.

1.7    "Escrow Agent" means Robbins Geller Rudman & Dowd LLP or its successor(s).

---

[1]    All pronouns and any variations thereof refer to the masculine, feminine or neuter, singular or plural, as the context may require.  The terms defined in their singular or plural forms in ¶¶1.1, 1.4, 1.9, 1.14, 1.17, 1.18-1.19, 1.22, 1.24 and 1.25 have correlative meanings when used herein in their plural or singular forms, respectively.

1.8    "Final" means the time when a Judgment that has not been reversed, vacated, or modified in any way is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process, or because of the passage of time for seeking appellate review.  More specifically, it is when the last of the following has occurred with respect to the Judgment: (a) the date of final affirmance on an appeal of the Judgment, the expiration of the time for a petition for or a denial of a writ of certiorari to review the Judgment and, if certiorari is granted, the date of final affirmance of the Judgment following review pursuant to that grant; or (b) the date of final dismissal of any appeal from the Judgment or the final dismissal of any proceeding on certiorari to review the Judgment and expiration of time to seek any further review or appeal of such dismissal; or (c) if no appeal is filed, the expiration of the time for the filing or noticing of any appeal from the Judgment. For purposes of this definition, an "appeal" shall include any motion to alter, amend, or otherwise review the Judgment, and any petition for any writ, including a writ of certiorari, that may be filed in connection with the approval or disapproval of this Stipulation.   Any proceeding, order, appeal, or petition for a writ of certiorari pertaining to any Plan of Distribution and/or application for attorneys' fees, costs, or expenses shall not in any way delay or preclude the Judgment from becoming Final.

1.9    "Individual Defendants" mean Rodney C. Sacks and Hilton H. Schlosberg.

1.10    "Judgment" means the Final Judgment and Order of Dismissal with Prejudice to be rendered by the Court upon approval of the Settlement, in all material respects in the form attached hereto as Exhibit B.

1.11    "Lead Counsel" means Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, California 92101.

1.12    "Lead Plaintiff" means Structural Ironworkers Local Union #1 Pension Fund.

908791_6

1    1.13  "Net Settlement Fund" means the portion of the Settlement Fund that

2    shall be distributed to Authorized Claimants as allowed by the Stipulation, the Plan of

3    Distribution, or the Court, after provision for the amounts set forth in ¶7.2 of this

4    Stipulation.

5    1.14  "Person" means an individual, corporation, partnership, limited

6    partnership, association, joint stock company, estate, legal representative, trust,

7    unincorporated association, government or any political subdivision or agency thereof,

8    and any business or legal entity and his, her or its spouses, heirs, predecessors,

9    successors, representatives, or assignees.

10   1.15  "Plaintiff's Counsel" means any counsel who filed a complaint, or is

11   listed as counsel on any document or filing made by or on behalf of Lead Plaintiff or

12   any other plaintiff, in the Action or any action that has been consolidated with the

13   Action.

14   1.16  "Plan of Distribution" means a plan or formula of allocation of the Net

15   Settlement Fund whereby the Settlement Fund shall be distributed to Authorized

16   Claimants after payment of expenses of notice and administration of the Settlement,

17   Taxes and Tax Expenses, and such attorneys' fees, costs, expenses and interest, and

18   other expenses as may be awarded by the Court.  Any Plan of Distribution is not part

19   of the Stipulation and the Released Persons shall have no responsibility or liability

20   with respect thereto.

21   1.17  "Related Persons" means, (a) with respect to Hansen, each and all of its

22   past or present subsidiaries, parents, commonly controlled entities or Persons, and

23   affiliates, and each and all of its or their respective current or former officers,

24   directors, employees, managers, shareholders, members, principals, agents, controlling

25   persons, managing members, attorneys, legal counsel, accountants, auditors,

26   consultants, financial advisors, investment advisors, commercial bank lenders,

27   investment bankers, general and limited partners, indemnitors, indemnitees, insurers

28

1 (including, but not limited to, Directors' and Officers' insurance carriers), reinsurers,

2 representatives, predecessors, successors, assigns, and any Person acting on their

3 behalf (collectively, "Affiliated Persons"); and (b) with respect to the Individual

4 Defendants, each and all of any Individual Defendant's family members and/or

5 spouses, successors, assigns, heirs, estates, administrators, executors, trustees, and

6 personal representatives; any company (including, but not limited to, any limited

7 liability company ("LLC")), corporation, partnership, trust, association, cooperative or

8 other entity of any kind in which any Individual Defendant and/or family member

9 and/or spouse of any Individual Defendant has or had any direct or indirect interest or

10 management or representative position, and/or which (either in whole or in part) is for

11 the benefit (either directly or indirectly) of any Individual Defendant and/or family

12 member and/or spouse of any Individual Defendant (including, but not limited to,

13 Hilrod Holdings L.P.; any partnership of which any Individual Defendant and/or

14 family member or spouse of any Individual Defendant is (either directly or indirectly)

15 one or more of the general and/or limited partners; and any trust of which any

16 Individual Defendant is (either directly or indirectly) one or more of the settlors,

17 grantors and/or trustees); and all Affiliated Persons of each Individual Defendant and

18 each such company (including, but not limited to, LLCs), corporation, partnership,

19 trust, association, cooperative or other entity.

20     1.18  "Released Claims" means any and all claims (including, without

21 limitation, Unknown Claims), demands, rights, liabilities, penalties, sanctions,

22 damages, losses, debts, obligations, fees, expenses, costs, judgments, matters, suits

23 and causes of action of any kind or nature whatsoever, whether known or unknown,

24 contingent or absolute, matured or unmatured, suspected or unsuspected, disclosed or

25 undisclosed, hidden or concealed, discoverable or undiscoverable, accrued or

26 unaccrued, liquidated or unliquidated, regardless of legal or equitable theory,

27 including, without limitation, claims for negligence, breach of fiduciary duty, breach

28

908791_6

1    of the duty of care and/or loyalty, violation of any federal or state statute, rule or

2    regulation, violation of common law, violation of administration rule or regulation,

3    tort, breach of contract, violation of international law or violation of the law of any

4    foreign jurisdiction, that Lead Plaintiff or any other Settlement Class Member (i)

5    asserted in the Action, including in the Complaint, the Consolidated Complaint, the

6    CAC and any other document, filing or statement in the Action; or (ii) could have, or

7    in the future might have, asserted in the Action or in any other litigation or proceeding

8    in any court, tribunal or forum against any of the Released Persons, arising from,

9    based upon, or related in any way, directly or indirectly, in whole or in part, to (a)

10   both the allegations, transactions, facts, matters, occurrences, representations,

11   statements and/or omissions involved, set forth or referred to in the Complaint, the

12   Consolidated Complaint or the CAC and any public filing, press release, conference

13   call transcript, recording or other document incorporated therein by reference or

14   otherwise communicated to the public by Defendants (or any of them) during the

15   Class Period, and the purchase or acquisition of Hansen common stock during the

16   Class Period by any Settlement Class Member or the sale of such common stock by

17   any Settlement Class Member during the Class Period; or (b) Defendants' defense or

18   settlement of the Action and/or Defendants' defense or settlement of the Released

19   Claims.  Notwithstanding the foregoing, "Released Claims" does not include any

20   claim to enforce the terms of the Stipulation and Settlement.

21       1.19   "Released Persons" means each and all of Defendants in their individual

22   and corporate capacities and each and all of their Related Persons.

23       1.20   "Settlement Amount" means Sixteen Million Two Hundred Fifty

24   Thousand Dollars ($16,250,000.00) to be paid by certain of Hansen's insurance

25   carriers pursuant to ¶3.1 of this Stipulation, as well as any interest thereon paid

26   pursuant to ¶3.1 of this Stipulation.

27

28

908791_6

1    1.21  "Settlement Class" means all Persons who purchased or otherwise
2    acquired Hansen common stock between November 9, 2006 and November 8, 2007,
3    inclusive.  Excluded from the Settlement Class are: Defendants, the officers and
4    directors of Hansen, members of their immediate families and their legal
5    representatives, heirs, successors or assigns and any entity in which Defendants have
6    or had a controlling interest.  Also excluded from the Settlement Class are those
7    Settlement Class Members who, as described in ¶¶8.1 and 8.2 hereof, submit valid and
8    timely requests for exclusion pursuant to the Notice of Proposed Settlement of Class
9    Action.  The parties will request that the Court certify the Settlement Class for
10   purposes of this Settlement only.

11   1.22  "Settlement Class Member" means a Person who falls within the
12   definition of the Settlement Class as set forth in ¶1.21 of this Stipulation.

13   1.23  "Settlement Fund" means the Settlement Amount, together with all
14   interest and income earned thereon after deposit of the Settlement Amount into the
15   Escrow Account pursuant to the terms of ¶3.1 of this Stipulation.

16   1.24  "Settling Parties" means, collectively, Defendants and Lead Plaintiff on
17   behalf of itself and the Settlement Class Members.

18   1.25  "Unknown Claims" means any Released Claims which Lead Plaintiff or
19   any Settlement Class Members do not know or suspect to exist in his, her or its favor
20   at the time of the release of the Released Persons which, if known by him, her or it,
21   might have affected his, her or its settlement with and release of the Released Persons,
22   or might have affected his, her or its decision not to object to or to seek exclusion
23   from this Settlement, and include, without limitation, any such claims, rights, benefits
24   or provisions released or waived pursuant to ¶6.3 below.

25   **2.      CAFA Notice**

26   2.1  Pursuant to the Class Action Fairness Act ("CAFA"), no later than ten
27   (10) days after the Stipulation is filed with the Court, Hansen shall, at its expense,
28

908791_6

1  serve notice of the proposed Settlement upon the appropriate State and Federal

2  officials.

3      **3.**    **The Settlement**

4          **a.**    **The Settlement Fund**

5      3.1    In full settlement of the Released Claims against the Released Persons,

6  Hansen shall cause certain of its insurance carriers to pay the amount of Sixteen

7  Million Two Hundred Fifty Thousand Dollars ($16,250,000) into the Escrow Account

8  no later than twenty (20) calendar days after the later of (a) entry of the Preliminary

9  Approval Order or (b) the receipt by Defendants' counsel of appropriate payee

10  information, including a Form W-9 providing the tax identification number for the

11  Escrow Account,  all necessary instructions for payment by wire transfer, and the

12  identity of the payee and mailing address required for payment by check.  If the

13  Settlement Amount is not fully funded within thirty (30) calendar days after the later

14  of the events specified in (a) or (b) above, all unpaid amounts shall bear interest at the

15  rate of 7% per annum beginning thirty (30) calendar days after the later of the events

16  specified in (a) or (b) above until the date that the Settlement Amount is paid in full or

17  the Stipulation and Settlement set forth herein is deemed canceled and terminated in

18  accordance with ¶10.4 hereof.  It is expressly understood that all payments pursuant to

19  this Stipulation, including the Settlement Amount and any interest thereon, is to be

20  paid by certain of Hansen's insurance carriers into the Escrow Account, and that under

21  no circumstances will any other Released Person, including any Defendant, have any

22  obligation to make any payment pursuant to this Stipulation and the Settlement set

23  forth herein, nor shall any failure on the part of any such insurance carrier to fund any

24  portion of the Settlement Amount constitute a breach of this Stipulation by the

25  Defendants or any of their Related Persons.  In the event that Hansen's insurance

26  carriers refuse to fund any portion of the Settlement Amount, the Stipulation and the

27

28

908791_6

Settlement set forth herein shall be deemed canceled and terminated in accordance with ¶10.4 hereof.

**b.    The Escrow Agent**

3.2    The Escrow Agent shall administer the Settlement Fund subject to the jurisdiction of the Court.  The Escrow Agent shall not disburse the Settlement Fund except (a) as specifically authorized by this Stipulation, (b) by an order of the Court, or (c) with the written agreement of counsel for Defendants as provided herein.

3.3    The Escrow Agent shall invest the Settlement Fund deposited pursuant to ¶3.1 hereof in United States Treasury Bills having maturities of 180 days or less, or money market mutual funds comprised of investments secured by the full faith and credit of the United States Government, or an account fully insured by the United States Government or an agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All risks related to the investment of the Settlement Fund shall be borne by the Settlement Fund and not by any of the Released Persons.

3.4    The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

3.5    All funds held by the Escrow Agent shall be deemed to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order(s) of the Court.

3.6    Before the Effective Date, Lead Counsel, as the Escrow Agent may use up to $500,000 of the Settlement Fund to pay costs and expenses reasonably and actually incurred in the administration of the Settlement ("Class Notice and Administration Costs"), without further approval of the Defendants or order of the Court. Such Class Notice and Administration Costs shall include, without limitation:

908791_6

1    the actual costs of publication, printing and mailing the notices described in ¶5.1

2    hereof, reimbursement to nominee owners for forwarding the Notice and Proof of

3    Claim and Release form to their beneficial owners, the administrative expenses

4    actually incurred and fees reasonably charged by the Claims Administrator in

5    connection with searching for Settlement Class Members and providing notice and

6    processing the submitted claims, and the reasonable fees, if any, of the Escrow Agent.

7    In the event that Lead Counsel shall require more than $500,000 before the Effective

8    Date to pay for Class Notice and Administration Costs, Lead Counsel shall submit a

9    written request to Hansen's counsel.  Hansen's counsel will provide approval for

10   expenditure of reasonable additional amounts where need is substantiated.  If Hansen

11   objects to such additional costs, the Settling Parties shall immediately attempt to

12   mediate and then arbitrate such disputes with the Honorable Layn R. Phillips, or such

13   other person as the Settling Parties agree.  After the Effective Date, Lead Counsel, as

14   the Escrow Agent, may pay Class Notice and Administration Costs reasonably and

15   actually incurred without consent of Defendants or a further order of the Court.

16              **c.    Taxes**

17          3.7    (a)    The Settling Parties agree that the Settlement Fund is intended to

18   be a "Qualified Settlement Fund" within the meaning of Treas. Reg. §1.468B-1.  In

19   addition, the Escrow Agent shall timely make such elections as necessary or advisable

20   to carry out the provisions of this ¶3.7, including the "relation-back election" (as

21   defined in Treas. Reg. §1.468B-1) to cause the Qualified Settlement Fund to come

22   into existence at the earliest permitted date, and shall take or cause to be taken all

23   actions as may be necessary or appropriate in connection therewith.  Such elections

24   shall be made in compliance with the procedures and requirements contained in such

25   regulations.  It shall be the responsibility of the Escrow Agent to timely and properly

26   prepare and deliver the necessary documentation for signature by all necessary parties,

27   and thereafter to cause the appropriate filing to occur.

28

908791_6

- 13 -

1          (b)     For the purpose of §468B of the Internal Revenue Code of 1986, as
2   amended, and the regulations promulgated thereunder, the "administrator" shall be the
3   Escrow Agent.  The Escrow Agent shall be solely responsible for timely and properly
4   filing or causing to be filed all informational and other tax returns necessary or
5   advisable with respect to the Settlement Fund (including, without limitation, the
6   returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the election
7   described in ¶3.7(a) hereof) shall be consistent with this ¶3.7 and in all events shall
8   reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the
9   income earned on the Settlement Fund shall be paid out of the Settlement Fund as
10  provided in ¶3.7(c) hereof.

11         (c)     The Escrow Agent shall be authorized and directed to timely and
12  properly pay from the Settlement Fund all (a) Taxes (including any estimated Taxes,
13  interest, or penalties) arising with respect to the income earned by the Settlement
14  Fund, including any Taxes or tax detriments that may be imposed upon Defendants or
15  their counsel with respect to any income earned by the Settlement Fund for any period
16  during which the Settlement Fund does not qualify as a "Qualified Settlement Fund"
17  for federal or state income tax purposes ("Taxes"), and (b) expenses and costs
18  incurred in connection with the taxation of the Settlement Fund and the operation and
19  implementation of this ¶3.7 (including, without limitation, expenses of tax attorneys
20  and/or accountants and mailing and distribution costs and expenses relating to filing
21  (or failing to file) the returns described in this ¶3.7) ("Tax Expenses").  All Taxes and
22  Tax Expenses shall be paid out of the Settlement Fund, and shall be timely paid by the
23  Escrow Agent, and without Defendants' consent or prior Order of the Court.  Any Tax
24  returns prepared for the Settlement Fund (as well as the election set forth therein) shall
25  be consistent with this ¶3.7 and in all events shall reflect that all Taxes (including any
26  interest or penalties) on the income earned by the Settlement Fund and all Tax
27  Expenses shall be paid out of the Settlement Fund as provided herein.  Further, Taxes
28

908791_6

- 14 -

and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court in accordance with ¶3.6 and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)).  The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶3.7.

(d)     In all events, neither Defendants nor their counsel, nor any other Released Person, shall have any responsibility for or liability whatsoever with respect to the Taxes or the Tax Expenses, including, but not limited to, the payment or non-payment thereof, the withholding thereof, the establishment of any reserves, any reporting requirements, or the filing of any tax returns or other documents with the Internal Revenue Service or any state or local taxing authority in connection with the Settlement Fund.  The Settlement Fund shall indemnify and hold each of the Released Persons harmless for Taxes and Tax Expenses on the Settlement Fund of any kind whatsoever (including, without limitation, Taxes payable by reason of any such indemnification).

### d.     Termination of Settlement

3.8     In the event that the Stipulation is not approved, is terminated, is canceled, or fails to become effective for any reason, the Settlement Fund (including accrued interest), less Class Notice and Administration Costs and Taxes and Tax Expenses properly paid or incurred pursuant to ¶¶3.6 and/or 3.7, shall be returned pursuant to written instructions from Hansen's counsel, as provided in ¶10.4 below.

**4.     Class Certification**

4.1     The Settling Parties agree that the Action shall be certified as an opt out class action, for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the Settlement Class.

4.2     The certification of the Settlement Class shall only be binding with respect to this Settlement.  In the event that this Stipulation is terminated pursuant to its terms or the Settlement is not approved in all material respects by the Court, the Defendants withdraw from the Settlement pursuant to the terms hereof, the Effective Date does not occur, or the Settlement or the Judgment do not become Final for any reason or are modified in any material respect by the Court or any other court, the certification of the Settlement Class shall be deemed vacated, the Action shall proceed as though the Settlement Class has never been certified, and no reference to certification of the Settlement Class, or the Stipulation or any documents related thereto, shall be made by the Settlement Parties for any purpose, except as expressly authorized by the terms of this Stipulation.  If any of the foregoing events occur, Defendants fully reserve all rights to oppose certification of any plaintiff class in any future proceedings, no Person shall assert that Defendants are estopped from taking any position relating to class certification, and the Court's Order regarding class certification, dated January 17, 2014, shall be fully applicable.

**5.     Preliminary Approval Order and Settlement Hearing**

5.1     Promptly after execution of the Stipulation, Lead Counsel shall submit the Stipulation together with its exhibits (the "Exhibits") to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), in all material respects in the form of Exhibit A attached hereto, requesting, *inter alia*, (a) certification of the Settlement Class (subject to the provisions of ¶¶4.1-4.2 hereof); (b) the preliminary approval of the Settlement set forth in the Stipulation; and (c) approval for the mailing of a Notice of Proposed Settlement of Class Action (the "Notice") and publication of a

908791_6

1   summary notice, in all material respects in the forms of Exhibits A-1 and A-3 attached

2   hereto.

3       5.2    Lead Counsel shall request that after notice is given to the Settlement

4   Class, the Court hold a hearing (the "Settlement Hearing") and approve the Settlement

5   of the Action as set forth herein.  At or after the Settlement Hearing, Lead Counsel

6   shall also request that the Court approve the proposed Plan of Distribution and the Fee

7   and Expense Application.

8   **6.     Releases**

9       6.1    Upon the Effective Date, Lead Plaintiff, and each and every Settlement

10  Class Member, for themselves, and on behalf of any other Person claiming (now or in

11  the future) through or on behalf of any of them (whether or not such Plaintiff or

12  Settlement Class Member executes and delivers the Proof of Claim and Release

13  forms), shall be deemed to have, and by operation of the Judgment shall have, fully,

14  finally, and forever released, relinquished, and discharged any and all Released

15  Claims against each and all of the Released Persons; provided, however, that Lead

16  Plaintiff and Settlement Class Members shall retain the right to enforce the terms of

17  the Stipulation and Settlement.

18      6.2    Upon the Effective Date, Lead Plaintiff and each of the Settlement Class

19  Members shall be permanently barred and enjoined from the assertion, institution,

20  maintenance, prosecution, or enforcement against Defendants, or any Released

21  Persons, in any state or federal or foreign court of law or equity, arbitration tribunal,

22  administrative forum or other forum of any kind, of any and all Released Claims;

23  provided, however, that Lead Plaintiff and Settlement Class Members shall retain the

24  right to enforce the terms of the Stipulation and Settlement.

25      6.3    Upon the Effective Date, Lead Plaintiff and each of the Settlement Class

26  Members on behalf of themselves, shall be deemed to have, and by operation of the

27  Judgment shall have, expressly waived and relinquished, to the fullest extent

28

908791_6

- 17 -

1  permitted by law, the provisions, rights and benefits of California Civil Code §1542,
2  which provides:

3  > A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH
4  > THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN
5  > HIS OR HER FAVOR AT THE TIME OF EXECUTING THE
6  > RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE
7  > MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE
8  > DEBTOR.

9  Lead Plaintiff and each of the Settlement Class Members on behalf of themselves,
10 shall be deemed to have, and by operation of the Judgment shall have, expressly
11 waived and relinquished, to the fullest extent permitted by law, any and all provisions,
12 rights and benefits conferred by any law of any state or territory of the United States,
13 foreign jurisdiction, or principle of common law, that is similar, comparable or
14 equivalent to California Civil Code §1542.  It is understood that Lead Plaintiff and
15 Settlement Class Members may hereafter discover facts in addition to or different
16 from those which he, she or it now knows or believes to be true with respect to the
17 subject matter of the Released Claims, but Lead Plaintiff shall expressly, and Lead
18 Plaintiff and each Settlement Class Member, upon the Effective Date, shall be deemed
19 to have, and by operation of the Judgment shall have, fully, finally, and forever settled
20 and released any and all Released Claims against the Released Persons, whether
21 known or unknown, contingent or absolute, matured or unmatured, suspected or
22 unsuspected, disclosed or undisclosed, hidden or concealed, discoverable or
23 undiscoverable, accrued or unaccrued, liquidated or unliquidated, regardless of legal
24 or equitable theory, including, without limitation, claims for negligence, breach of
25 fiduciary duty, breach of the duty of care and/or loyalty, violation of any federal or
26 state statute, rule or regulation, violation of common law, violation of administration
27 rule or regulation, tort, breach of contract, violation of international law or violation of
28

908791_6

the law of any foreign jurisdiction, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiff acknowledges, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

6.4     Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Settlement Class Members, and Plaintiff's Counsel from all claims (including without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims; provided, however, that Defendants shall retain the right to enforce the terms of the Stipulation and Settlement.

**7.     Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

7.1     The Claims Administrator, subject to such supervision and direction of Lead Counsel or the Court as may be necessary or as circumstances may require, shall provide notice of the Settlement to the Settlement Class, shall administer and calculate the claims submitted by Settlement Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

7.2     The Settlement Fund shall be applied as follows:

(a)     to pay all the Class Notice and Administration Costs described in ¶3.6 hereof;

(b)     to pay the Taxes and Tax Expenses described in ¶3.7 hereof;

(c)     to pay Plaintiff's Counsel's attorneys' fees and expenses (the "Fee and Expense Award"), if and to the extent allowed by the Court;

(d)     for other Court-approved deductions; and

908791_6

- 19 -

1    (e)    to distribute the Net Settlement Fund to Authorized Claimants as

2    allowed by the Stipulation, the Plan of Distribution, or the Court.

3    7.3    No funds from the Net Settlement Fund shall be distributed to Authorized

4    Claimants prior to the Effective Date.  Upon the Effective Date and thereafter, and in

5    accordance with the terms of the Stipulation, the Plan of Distribution, or such further

6    approval and further order(s) of the Court as may be necessary or as circumstances

7    may require, the Net Settlement Fund shall be distributed to Authorized Claimants,

8    subject to and in accordance with the following:

9    (a)    Each Person claiming to be an Authorized Claimant shall be

10   required to submit to the Claims Administrator a completed Proof of Claim and

11   Release form, in all material respects in the form of Exhibit A-2 attached hereto,

12   postmarked by no later than ninety (90) calendar days after the mailing of the Notice

13   or such other time as may be set by the Court (the "Bar Date"), signed under penalty

14   of perjury and supported by such documents as are specified in the Proof of Claim and

15   Release form and as are reasonably available to such Person.

16   (b)    Except as otherwise ordered by the Court, all Settlement Class

17   Members who fail to submit a Proof of Claim and Release form by the Bar Date, or

18   such other period as may be ordered by the Court, or who file a Proof of Claim and

19   Release form that is rejected, shall be forever barred from receiving any payments

20   pursuant to the Stipulation and the Settlement set forth herein, but will in all other

21   respects be subject to and bound by the provisions of the Stipulation and the

22   Settlement, the releases contained herein, and the Judgment.  Notwithstanding the

23   foregoing, Lead Counsel may, in its discretion, accept for processing late submitted

24   claims so long as the distribution of the Net Settlement Fund to Authorized Claimants

25   is not materially delayed.

26   (c)    The Claims Administrator shall calculate the claims of Authorized

27   Claimants in accordance with the Plan of Distribution.  Following the Effective Date,

28

1  the Claims Administrator shall send to each Authorized Claimant his, her, or its *pro*
2  *rata* share of the Net Settlement Fund.

3        (d)    Defendants shall not have a reversionary interest in the Net
4  Settlement Fund.  If there is any balance remaining in the Net Settlement Fund after
5  the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible,
6  distribute such balance among Authorized Claimants who negotiated the checks sent
7  to them in the initial distribution in an equitable and economical fashion.  These
8  redistributions shall be repeated until the balance remaining in the Net Settlement
9  Fund is *de minimis* such that, in the discretion of Lead Counsel, it is not cost effective
10  or efficient to redistribute the amount to the Settlement Class.  At that time, after
11  payment of any further Notice and Administration Costs and Taxes, such remaining
12  balance shall be donated to Legal Aid Foundation of Los Angeles.

13        7.4    It is understood and agreed by the Settling Parties that any proposed Plan
14  of Distribution of the Net Settlement Fund including, but not limited to, any
15  adjustments to an Authorized Claimant's claim set forth therein, is not a part of the
16  Stipulation and is to be considered by the Court separately from the Court's
17  consideration of the fairness, reasonableness, and adequacy of the Settlement set forth
18  in the Stipulation, and any order or proceeding relating to the Plan of Distribution
19  shall not operate to terminate or cancel the Stipulation or affect the finality of the
20  Court's Judgment approving the Stipulation and the Settlement set forth therein, or
21  any other orders entered pursuant to the Stipulation.  Settlement Class Members and
22  Defendants shall be bound by the terms of this Stipulation, irrespective of whether the
23  Court disapproves or modifies the Plan of Distribution.

24        7.5    Defendants shall have no role in or responsibility for administering the
25  Settlement or reviewing or challenging claims submitted, and shall have no liability to
26  any Person in connection with such administration.

27
28

908791_6

- 21 -

1    7.6    No Person shall have any claim against Lead Plaintiff, Plaintiff's

2  Counsel, the Released Persons, Defendants' counsel, or the Claims Administrator

3  based on distributions made substantially in accordance with the Settlement, the

4  Stipulation, and the Plan of Distribution, or otherwise as further ordered by the Court.

5    **8.    Requests for Exclusion**

6    8.1    Settlement Class Members requesting exclusion from the Settlement

7  Class shall be requested to provide the following information to the Claims

8  Administrator in the manner described in the Notice:  (i) name, (ii) address, (iii)

9  telephone number, (iv) number of shares of Hansen common stock purchased or

10  otherwise acquired during the Class Period, (v) the date of each such purchase or

11  acquisition of shares of Hansen common stock and the price or other consideration

12  paid in each such purchase or acquisition, (vi) the date of each sale or other disposal

13  of any shares of Hansen common stock during the Class Period and the price or other

14  consideration received in each such sale or disposal, (vii) the number of shares of

15  Hansen common stock held at the close of trading on November 8, 2006 (*i.e.*,

16  immediately before the commencement of the Class Period), and (viii) a statement

17  that the Person wishes to be excluded from the Settlement Class.  Any request for

18  exclusion must also be signed by the Person requesting exclusion.

19    8.2    All Persons who submit valid and timely requests for exclusion in the

20  manner set forth in the Notice shall have no rights under the Stipulation, shall not

21  share in the distribution of the Net Settlement Fund, and shall not be bound by the

22  Stipulation or the Judgment.  Unless otherwise ordered by the Court, any Settlement

23  Class Member who does not submit a timely written request for exclusion as provided

24  by this section and in the manner set forth in the Notice shall be bound by the terms of

25  this Stipulation including, without limitation, all of the releases provided herein.  The

26  deadline for submitting requests for exclusion shall be set by the Court, but shall be at

27  least twenty-one (21) calendar days before the Settlement Hearing.

28

908791_6

8.3     Copies of all requests for exclusion, together with copies of all written revocations of requests for exclusion, received by the Claims Administrator shall be delivered to Defendants' counsel within five (5) business days of receipt by Lead Counsel but, with respect to timely requests for exclusion, in no event later than twenty-one (21) calendar days before the Settlement Hearing.

**9.      Plaintiff's Counsel's Attorneys' Fees and Expenses**

9.1     Lead Counsel may submit an application or applications to the Court (the "Fee and Expense Application") for distributions from the Settlement Fund for (a) an award of attorneys' fees to be paid out of the Settlement Fund, plus (b) expenses incurred in connection with prosecuting the Action, plus interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.

9.2     The attorneys' fees and expenses, as awarded by the Court, shall be paid by the Escrow Agent to Lead Counsel from the Settlement Fund, as ordered, within five (5) business days after the Court executes an order awarding such fees and expenses and enters the Judgment.  This provision shall apply notwithstanding timely objections to, potential for appeal from, or collateral attack on the Settlement or the award of attorneys' fees and expenses.  Lead Counsel shall thereafter allocate the attorneys' fees amongst other Plaintiff's Counsel in a manner that Lead Counsel in good faith believes reflects the contributions of such counsel to the prosecution and settlement of the Action.   Any fees and expenses awarded by the Court shall be paid solely from the Settlement Fund.

9.3     In the event that the Effective Date does not occur, or the Judgment or the order awarding such fees and expenses paid to Lead Counsel pursuant to ¶9.1 is reversed, modified, or successfully attacked collaterally, or if the Settlement is cancelled or terminated for any reason, and in the event the Fee and Expense Award has been paid to any extent, then such Plaintiff's Counsel who have received any

908791_6

1    portion of the Fee and Expense Award shall, in an amount consistent with such

2    reversal, modification, collateral attack, cancellation, or termination, refund such fees

3    or expenses to the Settlement Fund, plus interest thereon at the same rate as earned on

4    the Settlement Fund, within twenty (20) calendar days from receiving notice from

5    Hansen's counsel or from a court of competent jurisdiction.  Any refunds required

6    pursuant to this paragraph shall be the joint and several obligation of each Plaintiff's

7    Counsel (and their successor firms) to make appropriate refunds or repayments to the

8    Settlement Fund.  Lead Counsel and other Plaintiff's Counsel, as a condition of

9    receiving such attorneys' fees and expenses, on behalf of themselves and each partner

10   and/or shareholder of them, agree that the law firms and their partners and/or

11   shareholders are subject to the jurisdiction of the Court for the purpose of enforcing

12   the provisions of this paragraph.  Without limitation, Lead Counsel and other

13   Plaintiff's Counsel agree that the Court may, upon application of Defendants and

14   notice to Lead Counsel, summarily issue orders including, but not limited to,

15   judgments and attachment orders and may make appropriate findings of or sanctions

16   for contempt, should the law firms fail timely to repay fees and expenses pursuant to

17   this ¶9.3.

18        9.4     The procedure for and the allowance or disallowance by the Court of the

19   Fee and Expense Application, to be paid out of the Settlement Fund, are not part of the

20   Settlement set forth in the Stipulation, and are to be considered by the Court

21   separately from the Court's consideration of the fairness, reasonableness, and

22   adequacy of the Settlement, and any order or proceeding relating to the Fee and

23   Expense Application, or any appeal from any order relating thereto or reversal or

24   modification thereof, shall not operate to terminate or cancel the Stipulation, or affect

25   or delay the finality of the Judgment approving the Stipulation and the settlement of

26   the Action.  Any award of attorneys' fees and expenses is not a necessary term of this

27   Stipulation and is not a condition of this Stipulation.  Plaintiffs, Lead Counsel, and

28

1    any other Plaintiff's Counsel may not cancel or terminate the Stipulation or the

2    Settlement based on this Court's or any appellate court's ruling with respect to

3    attorneys' fees and expenses.

4          9.5    Lead Counsel shall have the sole authority to allocate the Court-awarded

5    attorneys' fees and expenses among Lead Counsel or any Plaintiff's Counsel in a

6    manner which Lead Counsel, in good faith, believe reflects the contributions of such

7    counsel to the prosecution and settlement of the Action.  The Released Persons shall

8    have no responsibility for, and no liability whatsoever with respect to, any payment of

9    any type or nature whatsoever, including attorneys' fees and expenses, to Lead

10   Counsel or any Plaintiff's Counsel, or the allocation among Lead Counsel, Plaintiff's

11   Counsel, and/or any other person or entity who may assert some claim thereto, of any

12   award of attorneys' fees or expenses that the Court may make in the Action.

13   **10.    Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

14

15         10.1   The Effective Date of the Stipulation shall be conditioned on the

16   occurrence of all of the following events:

17               (a)    the Court has entered the Preliminary Approval Order, as required

18   by ¶5.1 hereof;

19               (b)    Hansen has caused certain of its insurance carriers to pay the

20   Settlement Amount of $16,250,000 in accordance with ¶3.1 of this Stipulation;

21               (c)    Defendants have not exercised their option to terminate the

22   Stipulation pursuant to ¶10.3 hereof;

23               (d)    the Court has entered the Judgment in all material respects in the

24   form of Exhibit B attached hereto; and

25               (e)    the Judgment has become Final, as defined in ¶1.8 hereof.

26         10.2   Upon the occurrence of all of the events referenced in ¶10.1 hereof, any

27   and all remaining interest or right of Defendants in or to the Settlement Fund, if any,

28   shall be absolutely and forever extinguished.  If all of the conditions specified in ¶10.1

908791_6

1 hereof are not met, then the Stipulation shall be canceled and terminated subject to

2 ¶10.4 hereof unless Lead Counsel and counsel for Defendants mutually agree in

3 writing to proceed with the Settlement.

4       10.3   If Persons who otherwise would be members of the Settlement Class

5 have timely requested exclusion from the Settlement Class in accordance with the

6 provisions of the Preliminary Approval Order and the Notice given pursuant thereto,

7 and such Persons in the aggregate purchased a number of shares of Hansen common

8 stock during the Class Period in an amount greater than the sum specified in a separate

9 "Supplemental Agreement" executed between Lead Plaintiff and Defendants,

10 Defendants shall have, in their sole and unanimous discretion, the option to terminate

11 this Stipulation and Settlement in accordance with the procedures set forth in the

12 Supplemental Agreement.  The Supplemental Agreement will not be filed with the

13 Court unless requested by the Court or unless a dispute among the Settling Parties

14 concerning its interpretation or application arises and, in that event, the Supplemental

15 Agreement shall be filed and maintained by the Court under seal.

16       10.4   Unless otherwise ordered by the Court, in the event the Stipulation shall

17 terminate, or be canceled, or shall not become effective for any reason, within twenty

18 (20) calendar days after written notification of such event is sent by counsel for

19 Defendants or Lead Counsel to the Escrow Agent, the Settlement Fund (including

20 accrued interest), less expenses properly paid or incurred pursuant to ¶¶3.6 or 3.7

21 hereof, shall be returned to the insurance carriers that paid or caused to be paid any

22 portion of the Settlement Amount in an amount proportionate to their respective

23 contributions.  At the request of counsel for Defendants, the Escrow Agent or its

24 designee shall apply for any tax refund owed on the Settlement Fund and pay the

25 proceeds, after deduction of any expenses incurred in connection with such

26 application(s) for refund, at the written direction of Defendants' counsel.

27

28

908791_6

10.5   In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is canceled, terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Action as of the date of the Stipulation.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.25, 3.6-3.8, 9.3-9.4 and 10.4-10.5 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*, and the Settling Parties shall be deemed to return to their status as of the date of the Stipulation.

**11.   Miscellaneous Provisions**

11.1   The Settling Parties (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation expeditiously.

11.2   The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Action.  The Settlement shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Settling Parties and their counsel agree that they shall not seek sanctions against any other Settling Party or their counsel for violation of Rule 11 of the Federal Rules of Civil Procedure or any other equivalent statute or rule, nor shall they object to a finding by the Court that Rule 11 was not violated in connection with the prosecution, defense or settlement of this Action.  The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated in good faith and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

908791_6

- 27 -

1    11.3   Neither the Stipulation nor the Settlement contained herein, nor any act
2    performed or document executed pursuant to or in furtherance of the Stipulation or the
3    Settlement is or may be deemed to be or may be used as an admission of, or evidence
4    of: (a) the validity of any Released Claim, or of any liability, negligence, gross
5    negligence, recklessness, deliberate recklessness, fault or other wrongdoing of any
6    kind; or (b) any liability, fault, misrepresentation or omission with respect to any
7    statement or written document; or (c) the validity or invalidity of any claims asserted
8    by Lead Plaintiff or the amount of any recoverable damages in connection with those
9    claims; or (d) any infirmity in the defenses that have been or could have been asserted
10   in this Action.  The provisions set forth in this ¶11.3(a)-(d) above each apply with
11   respect to any civil, criminal, or administrative proceeding in any court, administrative
12   agency or other tribunal.  The Released Persons may file the Stipulation and/or the
13   Judgment in any action that may be brought against them in order to support a defense
14   or counterclaim based on principles of res judicata, collateral estoppel, release, good
15   faith settlement, judgment bar or reduction, or any other theory of claim preclusion or
16   issue preclusion or similar defense or counterclaim.

17   11.4   All agreements made and orders entered during the course of the Action
18   relating to the confidentiality of information shall survive this Stipulation.

19   11.5   All of the Exhibits to the Stipulation are material and integral parts hereof
20   and are fully incorporated herein by this reference.

21   11.6   The Stipulation may be amended or modified only by a written
22   instrument signed by or on behalf of all Settling Parties or their respective successors-
23   in-interest.

24   11.7   The Stipulation and the Exhibits attached hereto (together with the
25   Supplemental Agreement referred to in ¶10.3) constitute the entire agreement among
26   the Settling Parties and no representations, warranties, or inducements have been
27   made to any Settling Party concerning the Stipulation or its Exhibits other than the
28

908791_6

- 28 -

1   representations, warranties, and covenants contained and memorialized in such

2   documents.  Except as otherwise provided herein (or, as between Defendants, in any

3   separate agreements between them), each Settling Party shall bear its own costs.

4          11.8   Neither the Settlement Class Members nor Defendants shall be bound by

5   the Stipulation if the Court modifies material terms thereof, provided, however, that it

6   shall not be a basis to cancel or terminate the Stipulation if the Court (or any appellate

7   court) modifies any proposed Plan of Distribution or criteria for allocation of the

8   Settlement Fund amongst Settlement Class Members.  Nor shall it be a basis to cancel

9   or terminate the Stipulation if the Court (or any appellate court) disapproves of or

10  modifies any request for attorneys' fees or expenses made by Lead Counsel or any

11  other Plaintiff's Counsel or any proposed distribution of the Net Settlement Fund.

12  Notwithstanding any such modification of the terms of the Plan of Distribution, any

13  request for attorneys' fees made by Lead Counsel or any other Plaintiff's Counsel, or

14  any proposed distribution of the Net Settlement Fund, Defendants shall be entitled to

15  all benefits of this Stipulation and the Settlement and shall not, under any

16  circumstances, be called upon to contribute additional funds to the Settlement Fund.

17         11.9   Lead Counsel, on behalf of the Settlement Class, is authorized by Lead

18  Plaintiff to take all appropriate action required or permitted to be taken by the

19  Settlement Class pursuant to the Stipulation to effectuate its terms and also is

20  expressly authorized to enter into any modifications or amendments to the Stipulation

21  on behalf of the Settlement Class which it deems appropriate.

22         11.10 Lead Plaintiff hereby warrants that it has not, in whole or in part,

23  assigned, conveyed or otherwise transferred to any Person any of the Released Claims

24  against any of the Released Persons.

25         11.11 Each counsel or other Person executing the Stipulation or any of its

26  Exhibits on behalf of any Settling Party hereby warrants that such Person has the full

27  authority to do so.

28

908791_6

11.12 The Stipulation may be executed in one or more counterparts, including by e-mail in PDF format or by telecopier.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.

11.13 The Stipulation shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Settling Parties hereto.

11.14 The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

11.15 Pending approval of the Court of the Stipulation and its Exhibits, all proceedings in this Action shall be stayed and Lead Plaintiff and all members of the Settlement Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

11.16 This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the Settling Parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's conflicts of law or choice-of-law rules or principles that might otherwise refer construction or interpretation of this Stipulation to the substantive law of another jurisdiction, except to the extent that federal law requires that federal law governs.

11.17 This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that this Stipulation is the result of arm's-length negotiations among the Settling Parties and all

908791_6

1 Settling Parties have contributed substantially and materially to the preparation of this

2 Stipulation.

3    IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be

4 executed, by their duly authorized attorneys, dated April 16, 2014.

5
6
7
8
9                              ROBBINS GELLER RUDMAN
                               & DOWD LLP
                               DOUGLAS R. BRITTON
                               X. JAY ALVAREZ


                               _____
                               DOUGLAS R. BRITTON

10                             655 West Broadway, Suite 1900
                               San Diego, CA 92101
11                             Telephone: 619/231-1058
                               619/231-7423 (fax)

12
13                             ROBBINS GELLER RUDMAN
                               & DOWD LLP
                               DANIEL J. PFEFFERBAUM
14                             Post Montgomery Center
                               One Montgomery Street, Suite 1800
15                             San Francisco, CA 94104
                               Telephone: 415/288-4545
16                             415/288-4534 (fax)

17                             Lead Counsel for Plaintiffs

18                             DYER & BERENS LLP
                               JEFFREY A. BERENS
19                             303 East 17th Avenue, Suite 810
                               Denver, CO 80203
20                             Telephone: 303/861-1764
                               303/395-0393 (fax)

21
                               HOLZER & HOLZER, LLC
22                             COREY D. HOLZER
                               200 Ashford Center North, Suite 300
23                             Atlanta, GA 30338
                               Telephone: 770/392-0090
24                             770/392-0029 (fax)

25                             Additional Counsel for Plaintiffs

26
27
28
908791_5

- 31 -

1

2
SCHULTE ROTH & ZABEL LLP
MARTIN L. PERSCHETZ
3
GARY STEIN

4

5
GARY STEIN

6
919 Third Avenue
New York, NY 10022-3902
7
Telephone: 212/756-2000
212/593-5955 (fax)
8

9
BIRD, MARELLA, BOXER,
   WOLPERT, NESSIM, DROOKS &
   LINCENBERG, P.C.
10
MARK T. DROOKS
THOMAS V. REICHERT
11
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067-2561
12
Telephone: 310/201-2100
310/201-2110 (fax)
13

14
Attorneys for Defendants Hansen Natural
Corporation, Rodney C. Sacks, and Hilton
H. Schlosberg
15

16

17

18

19

20

21

22

23

24

25

26

27

28

908791_6

- 32 -

1

## CERTIFICATE OF SERVICE

2        I hereby certify that on April 16, 2014, I authorized the electronic filing of the

3    foregoing with the Clerk of the Court using the CM/ECF system which will send

4    notification of such filing to the e-mail addresses denoted on the attached Electronic

5    Mail Notice List, and I hereby certify that I caused to be mailed the foregoing

6    document or paper via the United States Postal Service to the non-CM/ECF

7    participants indicated on the attached Manual Notice List.

8        I certify under penalty of perjury under the laws of the United States of America

9    that the foregoing is true and correct.  Executed on April 16, 2014.

10                                s/ Douglas R. Britton
                              DOUGLAS R. BRITTON

11

12                             ROBBINS GELLER RUDMAN
                                & DOWD LLP

13                             655 West Broadway, Suite 1900
                        San Diego, CA  92101-8498

14                             Telephone:  619/231-1058
                        619/231-7423 (fax)

15                           E-mail: DougB@rgrdlaw.com

16

17

18

19

20

21

22

23

24

25

26

27

28

# Mailing Information for a Case  5:08-cv-01249-GW-JC Marcelo Cunha v. Hansen Natural Corporation et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Mario Alba , Jr**
  Malba@rgrdlaw.com

- **Douglas R Britton**
  dougb@rgrdlaw.com,stremblay@rgrdlaw.com,kathyj@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Hal D Cunningham**
  hcunningham@scott-scott.com,efile@scott-scott.com

- **Marshall P Dees**
  mdees@holzerlaw.com,cholzer@holzerlaw.com

- **Mark T Drooks**
  mtd@birdmarella.com,lak@birdmarella.com

- **Brian Oliver O'Mara**
  bomara@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Martin Perschetz**
  martin.perschetz@srz.com

- **Daniel J Pfefferbaum**
  DPfefferbaum@rgrdlaw.com

- **Andrei V Rado**
  arado@milberg.com

- **Thomas V Reichert**
  tvr@birdmarella.com,snj@birdmarella.com

- **Darren J Robbins**
  e_file_sd@rgrdlaw.com

- **Samuel H Rudman**
  srudman@rgrdlaw.com

- **Gary Stein**
  gary.stein@srz.com,michael.cutini@srz.com,courtfilings@srz.com,evan.melluzzo@srz.com

- **David C Walton**
  davew@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jeff S Westerman**
  jwesterman@jswlegal.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Sabrina         S Kim
Sabrina Kim Law Offices
PO Box 5000
Rancho Santa Fe, CA 92067

David           A Rosenfeld
Robbins Geller Rudman and Dowd LLP
58 South Service Road  Suite 200
Melville, NY 11747

Christina       A Royce
Robbins Geller Rudman & Dowd LLP
655 West Broadway    Suite 1900
San Diego, CA 92101

William         Uptegrove
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10002-3902
```

INDEX OF EXHIBITS TO STIPULATION OF SETTLEMENT

| DOCUMENT | EXHIBIT |
|---|---|
| [Proposed] Order Preliminarily Approving Settlement and Providing for Notice | A |
| Notice of Proposed Settlement of Class Action | A-1 |
| Proof of Claim and Release Form | A-2 |
| Summary Notice | A-3 |
| [Proposed] Final Judgment and Order of Dismissal with Prejudice | B |

EXHIBIT A

ROBBINS GELLER RUDMAN
  & DOWD LLP
DOUGLAS R. BRITTON (188769)
JEFFREY D. LIGHT (159515)
X. JAY ALVAREZ (134781)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dougb@rgrdlaw.com
jeffl@rgrdlaw.com
jaya@rgrdlaw.com
      – and –
DANIEL J. PFEFFERBAUM (248631)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
dpfefferbaum@rgrdlaw.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MARCELO CUNHA, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>          vs.<br><br>HANSEN NATURAL CORPORATION, et al.,<br><br>                    Defendants. | ) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) |

No. ED-CV-08-01249-GW(JCx)

CLASS ACTION

[PROPOSED] ORDER
PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING
FOR NOTICE

EXHIBIT A

913425_5

1    WHEREAS, a consolidated action is pending before this Court styled *Cunha v.*
2    *Hansen Natural Corporation, et al.*, No. ED-CV-08-02149-GW(JCx) (the "Action");
3    WHEREAS, the parties having made application, pursuant to Federal Rule of
4    Civil Procedure 23(e), for an order approving the Settlement of this Action, in
5    accordance with a Stipulation of Settlement dated as of April 16, 2014 (the
6    "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms
7    and conditions for a proposed Settlement of the Action (the "Settlement") and for
8    dismissal of the Action with prejudice upon the terms and conditions set forth therein;
9    and the Court having read and considered the Stipulation and the Exhibits annexed
10   thereto; and
11   WHEREAS, all defined terms herein have the same meanings as set forth in the
12   Stipulation.
13   NOW, THEREFORE, IT IS HEREBY ORDERED:
14   1.    The Court hereby preliminarily approves the Stipulation and the
15   Settlement set forth therein, subject to further consideration at the Settlement Hearing
16   described below.
17   2.    Pending further order of the Court, all litigation activity in the Action is
18   hereby stayed, except that contemplated herein, in the Stipulation or otherwise as
19   necessary to effectuate the Settlement, and all hearings, deadlines and other
20   proceedings in this Action, except insofar as they relate to the Settlement, are hereby
21   taken off calendar.
22   3.    The Court hereby certifies a Settlement Class, for settlement purposes
23   only, defined as: "all Persons who purchased or otherwise acquired Hansen common
24   stock between November 9, 2006 and November 8, 2007, inclusive.  Excluded from
25   the Settlement Class are: Defendants, the officers and directors of Hansen, members
26   of their immediate families and their legal representatives, heirs, successors or assigns
27   and any entity in which Defendants have or had a controlling interest.  Also excluded
28   from the Settlement Class are those Settlement Class Members who submit valid and

- 1 -

1    timely requests for exclusion pursuant to the Notice of Proposed Settlement of Class

2    Action."

3         4.     A hearing (the "Settlement Hearing") shall be held before this Court on

4    _____, 2014, at __:__ __.m., at the United States District Court for the Central

5    District of California, 312 North Spring Street, Los Angeles, California 90012, to

6    determine whether the proposed Settlement of the Action on the terms and conditions

7    provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class

8    and should be approved by the Court; whether a Judgment as provided in ¶1.10 of the

9    Stipulation should be entered; whether the proposed Plan of Distribution should be

10   approved; and to determine the amount of fees and expenses that should be awarded to

11   Lead Counsel.  The Court may adjourn the Settlement Hearing without further notice

12   to the Settlement Class Members.

13        5.     The Court approves, as to form and content, the Notice of Proposed

14   Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the

15   "Proof of Claim"), and the Summary Notice annexed as Exhibits A-1, A-2, and A-3

16   hereto and finds that the mailing and distribution of the Notice and publishing of the

17   Summary Notice substantially in the manner and form set forth in ¶¶6-7 of this Order

18   meet the requirements of Federal Rule of Civil Procedure 23, due process and any

19   other applicable law, and is the best notice practicable under the circumstances and

20   shall constitute due and sufficient notice to all Persons entitled thereto.

21        6.     The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby

22   appointed to supervise and administer the notice procedure as well as the processing

23   of claims as more fully set forth below:

24        (a)    The Claims Administrator shall make reasonable efforts to identify

25   all Persons who are Settlement Class Members and not later than _____,

26   2014 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice

27   and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2

28

- 2 -

1    hereto, to be mailed by First-Class Mail to all Settlement Class Members who can be

2    identified with reasonable effort;

3            (b)    The Claims Administrator shall post the Stipulation and its

4    Exhibits at www.hansensecuritiessettlement.com on the Notice Date;

5            (c)    Not later than _____, 2014, the Claims Administrator

6    shall cause the Summary Notice, substantially in the form annexed as Exhibit A-3

7    hereto, to be published once in the national edition of *Investor's Business Daily* and

8    once over a national newswire service; and

9            (d)    At least seven (7) calendar days prior to the Settlement Hearing,

10   Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court

11   proof, by affidavit or declaration, of such mailing and publishing.

12           7.    Nominees who purchased Hansen common stock for the beneficial

13   ownership of Settlement Class Members during the Class Period shall send the Notice

14   and the Proof of Claim to all beneficial owners of such stock within ten (10) calendar

15   days after receipt thereof, or send a list of the names and addresses of such beneficial

16   owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in

17   which event the Claims Administrator shall promptly mail the Notice and Proof of

18   Claim to such beneficial owners.  Lead Counsel shall, if requested, reimburse banks,

19   brokerage houses or other nominees solely for their reasonable out-of-pocket expenses

20   incurred in providing notice to beneficial owners who are Settlement Class Members

21   out of the Settlement Fund, which expenses would not have been incurred except for

22   the sending of such notice, subject to further order of this Court with respect to any

23   dispute concerning such compensation.

24           8.    All Settlement Class Members shall be bound by all determinations and

25   judgments in the Action concerning the Settlement, whether favorable or unfavorable

26   to the Settlement Class.  If the Settlement is approved, all Settlement Class Members

27   will be bound by the Settlement in accordance with the terms of the Stipulation, and

28   by any judgment or determination of the Court affecting Settlement Class Members,

- 3 -

1   including, without limitation, the releases provided for in the Stipulation and the

2   Judgment.

3          9.      Settlement Class Members who wish to participate in the Settlement shall

4   complete and submit a Proof of Claim and Release form in accordance with the

5   instructions contained therein.  Unless the Court orders otherwise, all Proof of Claim

6   and Release forms must be postmarked no later than ninety (90) days from the Notice

7   Date.  Any Settlement Class Member who does not timely submit a Proof of Claim

8   and Release form within the time provided for, shall be barred from sharing in the

9   distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the

10  Court, but shall nonetheless be bound by any judgment or determination of the Court

11  affecting Settlement Class Members.  Notwithstanding the foregoing, Lead Counsel

12  may, in their discretion, accept late-submitted claims for processing by the Claims

13  Administrator so long as distribution of the Net Settlement Fund is not materially

14  delayed thereby.

15         10.     Any Settlement Class Member may enter an appearance in the Action, at

16  his, her or its own expense, individually or through counsel of his, her or its own

17  choice, in which case such counsel must file with the Clerk of the Court and deliver to

18  Lead Counsel and Defendants' counsel of record a notice of such appearance.  If a

19  Settlement Class Member does not enter an appearance, he, she or it will be

20  represented by Lead Counsel.

21         11.     Any Person falling within the definition of the Settlement Class may,

22  upon request, be excluded from the Settlement Class.  Any such Person must submit

23  to the Claims Administrator a request for exclusion ("Request for Exclusion"),

24  postmarked no later than _____, 2014.  A Request for Exclusion must state: (a)

25  the name, address, and telephone number of the Person requesting exclusion; (b) each

26  of the Person's purchases and sales of Hansen common stock made during the Class

27  Period, including the dates of purchase or sale, the number of shares of common stock

28  purchased and sold, and the price paid or received for each such purchase or sale; and

- 4 -

1  (c) that the Person wishes to be excluded from the Settlement Class.  Any request for

2  exclusion must also be signed by the Person requesting exclusion.  All Persons who

3  submit valid and timely Requests for Exclusion in the manner set forth in this

4  paragraph shall have no rights under the Stipulation, shall not share in the distribution

5  of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment

6  entered in the Action.

7      12.    Unless the Court orders otherwise, any Settlement Class Member who

8  does not request exclusion from the Settlement Class in the manner stated in this

9  Order shall be deemed to have waived his, her or its right to be excluded from the

10  Settlement Class, and shall forever be barred from requesting exclusion from the

11  Settlement Class in this or any other proceeding, and shall be bound by the Settlement

12  and the Judgment, including, without limitation, the releases provided for in the

13  Stipulation and the Judgment, if the Court approves the Settlement.

14      13.    Any Settlement Class Member may appear and show cause, if he, she or

15  it has any, why the proposed Settlement of the Action should or should not be

16  approved as fair, reasonable, and adequate, why a judgment should or should not be

17  entered thereon, why the Plan of Distribution should or should not be approved, or

18  why attorneys' fees and expenses should or should not be awarded to counsel for the

19  Lead Plaintiff; provided, however, that no Settlement Class Member or any other

20  Person shall be heard or entitled to contest such matters, unless that Person has

21  delivered by hand or sent by First-Class Mail written objections and copies of any

22  papers and briefs such that they are received on or before _____, 2014, by

23  Robbins Geller Rudman & Dowd LLP, Jeffrey D. Light, 655 W. Broadway, Suite

24  1900, San Diego, CA 92101, and by Schulte Roth & Zabel LLP, Martin L. Perschetz,

25  919 Third Avenue, New York, NY 10022, and filed said objections, papers, and briefs

26  with the Clerk of the United States District Court for the Central District of California,

27  on or before _____, 2014.  Any objection must include: (a) the full name,

28  address and phone number of the objecting Settlement Class Member; (b) a list of all

913425_5

of the Settlement Class Member's transactions involving Hansen common stock during the Class Period; (c) a written statement of all grounds for the objection; and (d) the objector's signature, even if represented by counsel.  Settlement Class Members intending to object and present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Any Settlement Class Member who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the settlement as set forth in the Stipulation, to the Plan of Distribution, or to the award of attorneys' fees and expenses to counsel for Lead Plaintiff, unless otherwise ordered by the Court.

14.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

15.    All opening briefs and supporting documents in support of the Settlement, the Plan of Distribution, and any application by Lead Counsel for attorneys' fees and expenses shall be filed and served fourteen (14) calendar days prior to the deadline for objections in ¶13.  Any reply in support of the Settlement, the Plan of Distribution, and any application by Lead Counsel for attorneys' fees and expenses shall be filed and served seven (7) calendar days prior to the Settlement Hearing.

16.    Neither the Defendants and their Related Parties nor the Defendants' counsel shall have any responsibility for the Plan of Distribution or any application for attorneys' fees or expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

- 6 -

17.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Distribution proposed by Lead Counsel and set forth in the Notice, and any application for an award of attorneys' fees and payment of expenses, shall be approved.

18.     All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiff nor any of its counsel shall have any obligation to repay any amounts incurred or properly disbursed pursuant to ¶¶3.6 or 3.7 of the Stipulation.

19.     Neither the Stipulation, nor this Order, nor any of their terms or provisions, nor any of the negotiations or proceedings connected with it, nor any act performed or document signed in connection with the Settlement, shall, in this or any other court, administrative agency, arbitration forum or other tribunal, constitute or be construed as an admission or concession of, or evidence of, or be deemed to create any inference of, the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind on the part of any Defendant.

20.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class Members.

1      21.     In the event that the Settlement is canceled, terminated, fails to become
2  effective in accordance with its terms, or is not consummated for any reason
3  whatsoever, this Order shall be rendered null and void and have no further force and
4  effect to the extent provided by and in accordance with the Stipulation, and the
5  Settling Parties shall be restored to their respective positions in the Action as of the
6  date of this Stipulation.

7          IT IS SO ORDERED.

8

9  DATED: _____     _____
10                                 THE HONORABLE GEORGE H. WU
                                   UNITED STATES DISTRICT JUDGE
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 8 -

913425_5

Exhibit A
-45-

# EXHIBIT A-1

1   ROBBINS GELLER RUDMAN
      & DOWD LLP
2   DOUGLAS R. BRITTON (188769)
    JEFFREY D. LIGHT (159515)
3   X. JAY ALVAREZ (134781)
    655 West Broadway, Suite 1900
4   San Diego, CA  92101
    Telephone:  619/231-1058
5   619/231-7423 (fax)
    dougb@rgrdlaw.com
6   jeffl@rgrdlaw.com
    jaya@rgrdlaw.com
7        – and –
    DANIEL J. PFEFFERBAUM (248631)
8   Post Montgomery Center
    One Montgomery Street, Suite 1800
9   San Francisco, CA  94104
    Telephone:  415/288-4545
10  415/288-4534 (fax)
    dpfefferbaum@rgrdlaw.com
11
    Lead Counsel for Plaintiffs
12

13              UNITED STATES DISTRICT COURT

14            CENTRAL DISTRICT OF CALIFORNIA

15                   EASTERN DIVISION

16
    MARCELO CUNHA, Individually and   )   No. ED-CV-08-01249-GW(JCx)
17  on Behalf of All Others Similarly  )
    Situated,                          )   CLASS ACTION
18                                     )
                     Plaintiff,        )   NOTICE OF PROPOSED
19                                     )   SETTLEMENT OF CLASS ACTION
         vs.                           )
20                                     )   EXHIBIT A-1
    HANSEN NATURAL CORPORATION, )
21  et al.,                            )
                                       )
22                   Defendants.       )
                                       )
23  _____ )

24

25

26

27

28

910005_5

                                              Exhibit A-1
                                                   -46-

*A Federal Court authorized this Notice.*

*This is not a solicitation from a lawyer.*

*If you purchased or otherwise acquired Hansen Natural Corporation ("Hansen" or the "Company")[1] common stock between November 9, 2006 and November 8, 2007, inclusive (the "Class Period") and are not otherwise excluded from the Class (see Question 6 below), you could get a payment from a class action settlement.[2]*

NOTICE OF PENDENCY OF CLASS ACTION.  Please be advised that your rights may be affected by a putative class action lawsuit pending in this Court (the "Action") if you purchased or otherwise acquired Hansen common stock between November 9, 2006 and November 8, 2007, inclusive.

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiff, Structural Ironworkers Local Union #1 Pension Fund, on behalf of itself and the Settlement Class (defined below), have reached a settlement of the Action with Defendants Hansen, Rodney C. Sacks and Hilton H. Schlosberg for a total of Sixteen Million Two Hundred Fifty Thousand Dollars ($16,250,000.00) in cash, that will resolve claims in the Action (the "Settlement").

This Notice explains important rights you may have, including your possible receipt of cash from the Settlement.  Your legal rights will be affected whether or not you act.  Please read this Notice carefully and in its entirety.

**Settlement Class:**  all Persons who purchased or otherwise acquired Hansen common stock between November 9, 2006 and November 8, 2007, inclusive.

---

[1]   On or about January 1, 2012, Hansen changed its name to Monster Beverage Corporation.  Because the Company was known as Hansen during the events relevant to this lawsuit, this Notice and the other settlement documents refer to the Company by that name rather than its current name.

[2]   This Notice incorporates by reference the definitions in the Stipulation of Settlement dated as of April 16, 2014 ("Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.  The Stipulation can be obtained at www.hansensecuritiessettlement.com.

- 1 -

910005_5

1  Excluded from the Settlement Class are:  Defendants, the officers and directors of
2  Hansen, members of their immediate families and their legal representatives, heirs,
3  successors or assigns and any entity in which Defendants have or had a controlling
4  interest.   Also excluded from the Settlement Class are those Settlement Class
5  Members who submit valid and timely requests for exclusion pursuant to this Notice.

6        **Settlement Fund:**  Sixteen Million Two Hundred Fifty Thousand Dollars
7  ($16,250,000.00) in cash plus any interest earned as set forth in the Stipulation.  Your
8  recovery will depend on the timing of your purchases and sales of Hansen common
9  stock during the Class Period.  Based on the information currently available to Lead
10 Plaintiff and the analysis performed by its damages consultants, it is estimated that if
11 Settlement Class Members submit claims for 100% of the shares eligible for
12 distribution under the Plan of Distribution (described below), the estimated average
13 distribution per share of common stock will be approximately $0.36 before deduction
14 of Court-approved fees and expenses, including the cost of notifying Settlement Class
15 Members and settlement administration and any attorneys' fees and expenses awarded
16 by the Court to counsel for the Lead Plaintiff.  The Plan of Distribution is included in
17 this Notice and may be modified by the Court without further notice.  Historically,
18 actual claims rates are less than 100%, which result in higher distributions per share.
19 A Settlement Class Member's actual recovery will be a proportion of the Net
20 Settlement Fund (the Settlement Fund less Taxes and Tax Expenses, Class Notice and
21 Administration Costs, and attorneys' fees and expenses awarded to Plaintiff's
22 Counsel) determined by that claimant's recognized claim as compared to the total
23 recognized claims of all Settlement Class Members who submit valid Proof of Claim
24 and Release forms ("Proof of Claim").

25       **Reasons for Settlement:**  Avoids the costs and risks associated with continued
26 litigation, including the danger of no recovery.

27       **If the Case Had Not Settled:**  Continuing with the case could have resulted in
28 no class being certified or dismissal on the merits at summary judgment, trial or on

- 2 -

1    appeal.  The two sides vigorously disagree on both liability and the amount of money
2    that could have been won if Lead Plaintiff prevailed at trial.  The parties disagree
3    about, among other things: (1) whether there was any wrongdoing on the part of
4    Defendants; (2) whether Defendants made any material, false, misleading or otherwise
5    actionable statements under the federal securities laws; (3) whether class certification
6    is appropriate; (4) whether the price of Hansen common stock was artificially inflated
7    during the Class Period and the amount of any such alleged inflation; (5) the extent
8    that various facts alleged by Lead Plaintiff influenced the trading price of Hansen
9    common stock during the Class Period; and (6) whether any purchasers of Hansen
10   common stock during the Class Period were damaged and the amount of such
11   damages.

12          **Attorneys' Fees and Expenses:**  Court-appointed Lead Plaintiff's counsel will
13   ask the Court for attorneys' fees of up to 25% of the Settlement Fund and expenses
14   not to exceed $360,000 to be paid from the Settlement Fund plus interest.  Lead
15   Plaintiff's counsel have not received any payment for their work investigating the
16   facts, prosecuting this Action, and negotiating this Settlement on behalf of the Lead
17   Plaintiff and the Settlement Class.  If the above amounts are requested and approved
18   by the Court, the average cost per share of common stock will be $0.10.

19          **Deadlines:**

20                  Submit Claim:              _____, 2014
21                  Request Exclusion:       _____, 2014
22                  File Objection:             _____, 2014
23          **Court Hearing on Fairness of Settlement:** _____, 2014
24          **More Information:**  www.hansensecuritiessettlement.com or

25
26
27
28

910005_5

Claims Administrator:

Representative of Lead Plaintiff's Counsel:

*Hansen Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040
1-877-343-5654

Rick Nelson
c/o Shareholder Relations
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
1-800-449-4900

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

**SUBMIT A CLAIM FORM**   The only way to get a payment.

**EXCLUDE YOURSELF**   Get no payment.  This is the only option that allows you to participate in another lawsuit against the Defendants for the legal claims in this case.

**OBJECT**   You may write to the Court if you do not like this Settlement, the request for attorneys' fees and expenses, or the Plan of Distribution.  You cannot object to the Settlement unless you are a member of the Settlement Class and do not validly exclude yourself.

**GO TO A HEARING**   You may ask to speak in Court about the fairness of the Settlement.

**DO NOTHING**   Get no payment.  Give up your rights.

- These rights and options — ***and the deadlines to exercise them*** — are explained in this Notice.
- The Court in charge of this case must decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and, if there are any appeals, after appeals are resolved.  Please be patient.

- 4 -

**BASIC INFORMATION**

**1.    Why did I get this notice package?**

You or someone in your family may have purchased or otherwise acquired Hansen common stock between November 9, 2006 and November 8, 2007, inclusive.

The Court directed that you be sent this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement.  If the Court approves it and after any objections or appeals (if there are any) are resolved, the Claims Administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Central District of California, and the case is known as *Cunha v. Hansen Natural Corporation, et al*., No. ED-CV-08-02149-GW(JCx).   The entity that leads the Action, Structural Ironworkers Local Union #1 Pension Fund, is called the Lead Plaintiff and the Company and the individuals it sued are called Defendants.

**2.    What is this lawsuit about?**

This Action alleges that Hansen and certain of its executives violated the federal securities laws by misrepresenting and omitting material facts about Hansen's business, including the state of its distribution relationship with Anheuser-Busch ("AB") and the benefits to be derived therefrom and that Hansen purportedly engaged in a "channel stuffing" scheme during the Class Period relating to sales to AB distributors.  Lead Plaintiff alleges that when Defendants disclosed the truth about the AB relationship and the Company's financial results, Settlement Class Members suffered damages as a result of a decline in the price of Hansen common stock.

Defendants deny all of Lead Plaintiff's allegations and further deny that they did anything wrong.  Defendants also deny that Lead Plaintiff or the Settlement Class

- 5 -

suffered damages or that the price of Hansen common stock was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise.

**3.    Why is this a class action?**

In a class action, one or more people called class representatives (in this case, the Court-appointed the Structural Ironworkers Local Union #1 Pension Fund as Lead Plaintiff), sue on behalf of people who have similar claims.  All of these people and/or entities are called a class or class members.  One judge – in this case, United States District Court Judge George H. Wu – resolves the issues for all class members, except for those who exclude themselves from the class.

**4.    Why is there a Settlement?**

The Court did not decide in favor of the Lead Plaintiff or Defendants.  Instead, the lawyers for both sides of the lawsuit have negotiated a settlement, with the assistance of an independent mediator, that they believe is in the best interests of their respective clients.  The settlement allows both sides to avoid the risks and cost of lengthy and uncertain litigation and the uncertainty of a trial and appeals, and permits Settlement Class Members to be compensated without further delay.  The Lead Plaintiff and its attorneys think the Settlement is best for all Settlement Class Members.

**WHO GETS MONEY FROM THE SETTLEMENT**

To see if you will get money from this Settlement, you first have to determine if you are a Settlement Class Member.

**5.    How do I know if I am part of the Settlement?**

The Class includes *all Persons who purchased or otherwise acquired Hansen common stock between November 9, 2006 and November 8, 2007, inclusive*.

**6.    Are there exceptions to being included in the Settlement Class?**

Yes.  Excluded from the Class are: Defendants, the officers and directors of Hansen, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling

- 6 -

1  interest.  Also excluded from the Class are those Settlement Class Members who

2  submit valid requests for exclusion pursuant to this Notice.

3  **7.    I'm still not sure if I am included.**

4  If you still are not sure whether you are included, you can ask for free help.

5  You can call 1-877-343-5654 or visit www.hansensecuritiessettlement.com for more

6  information; or, you can call Rick Nelson at 1-800-449-4900 for more information; or,

7  you can fill out and return the Proof of Claim described in Question 10 to see if you

8  qualify.

9  **THE SETTLEMENT BENEFITS – WHAT YOU GET**

10  **8.    What does the Settlement provide?**

11  Hansen has agreed to cause to be paid Sixteen Million Two Hundred Fifty

12  Thousand Dollars ($16,250,000.00) in cash (the "Settlement Amount").   The

13  Settlement Amount, plus interest earned from the date it is deposited into an escrow

14  account to fund the Settlement (the "Settlement Fund"), less costs, fees, and expenses

15  (the "Net Settlement Fund"), will be divided among all eligible Settlement Class

16  Members who send in valid Proofs of Claim ("Authorized Claimants").  Costs, fees,

17  and expenses include Court-approved attorneys' fees and expenses, the costs of

18  notifying Settlement Class Members, including the costs of printing and mailing this

19  Notice and the cost of publishing newspaper notice, the costs of claims administration,

20  and taxes on the Settlement Fund.

21  **9.    How much will my payment be?**

22  Your share of the Net Settlement Fund will depend on the number of valid

23  Proofs of Claim that Settlement Class Members send in and how many shares of

24  Hansen common stock you purchased during the relevant period and when you bought

25  and sold them.

26  For purposes of determining the amount an Authorized Claimant may recover

27  under the Plan of Distribution, Lead Plaintiff's counsel conferred with their damages

28

- 7 -

910005_5

consultants and the Plan of Distribution reflects an assessment of damages that they believe could have been recovered had Lead Plaintiff prevailed at trial.

In the unlikely event there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below.  If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants.  Payment in this manner shall be deemed conclusive against all Authorized Claimants.

The calculation of claims below is not an estimate of the amount you will receive.  It is a formula for allocating the Net Settlement Fund among all Authorized Claimants.

The allocation is based on the November 8, 2007 price decline of $13.17 as well as the statutory PSLRA 90 day look back amount of $43.39:

A "Claim" will be calculated as follows:

For shares of Hansen common stock *purchased, or otherwise acquired, on or between November 9, 2006 through November 7, 2007*, the claim per share shall be as follows:

(a)      If sold prior to November 8, 2007, the claim per share is zero.

(b)      If retained at the close of trading on November 7, 2007 and sold prior to February 5, 2008, the claim per share shall be the lesser of (i) $13.17 (November 8, 2007 Price Decline); (ii) the difference between the purchase price and the selling price; or (iii) the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in the table below.

910005_5

1    (c)    If retained, or sold, on or after February 5, 2008, the claim per share shall

2    be the lesser of: (i)  $13.17 (November 8, 2007 Price Decline); or (ii) the

3    difference between the purchase price per share and $43.39 per share.

4        For shares of Hansen common stock **_purchased, or otherwise acquired, on_**

5    **_November 8, 2007_**, the claim per share shall be $0.00.[3]

6

7

8

| Date | Closing Price | Average Closing Price |
|------|---------------|------------------------|
| 8-Nov-07 | $43.50 | $43.50 |
| 9-Nov-07 | $46.46 | $44.98 |
| 12-Nov-07 | $44.20 | $44.72 |
| 13-Nov-07 | $44.68 | $44.71 |
| 14-Nov-07 | $44.35 | $44.64 |
| 15-Nov-07 | $42.95 | $44.36 |
| 16-Nov-07 | $41.52 | $43.95 |
| 19-Nov-07 | $42.17 | $43.73 |
| 20-Nov-07 | $41.37 | $43.47 |
| 21-Nov-07 | $40.48 | $43.17 |
| 23-Nov-07 | $41.00 | $42.97 |
| 26-Nov-07 | $40.67 | $42.78 |
| 27-Nov-07 | $40.91 | $42.64 |
| 28-Nov-07 | $42.81 | $42.65 |
| 29-Nov-07 | $43.09 | $42.68 |
| 30-Nov-07 | $43.41 | $42.72 |
| 3-Dec-07 | $44.48 | $42.83 |
| 4-Dec-07 | $43.31 | $42.85 |
| 5-Dec-07 | $45.96 | $43.02 |
| 6-Dec-07 | $47.26 | $43.23 |
| 7-Dec-07 | $49.12 | $43.51 |
| 10-Dec-07 | $48.01 | $43.71 |
| 11-Dec-07 | $46.85 | $43.85 |
| 12-Dec-07 | $46.87 | $43.98 |
| 13-Dec-07 | $47.39 | $44.11 |
| 14-Dec-07 | $47.70 | $44.25 |
| 17-Dec-07 | $45.33 | $44.29 |
| 18-Dec-07 | $44.84 | $44.31 |
| 19-Dec-07 | $46.30 | $44.38 |
| 20-Dec-07 | $47.30 | $44.48 |
| 21-Dec-07 | $47.70 | $44.58 |

---

[3]    Please note that although the Class Period includes November 8, 2007, shares of Hansen common stock that were purchased and/or acquired on November 8, 2007 are not eligible for a recovery under the Plan of Distribution because the disclosure made on November 8, 2007 that Lead Plaintiff alleges corrected earlier alleged misrepresentations and omissions was made before the opening of trading that day.

- 9 -

| | | |
|---|---|---|
| 24-Dec-07 | $48.26 | $44.70 |
| 26-Dec-07 | $47.39 | $44.78 |
| 27-Dec-07 | $45.19 | $44.79 |
| 28-Dec-07 | $44.48 | $44.78 |
| 31-Dec-07 | $44.29 | $44.77 |
| 2-Jan-08 | $43.18 | $44.72 |
| 3-Jan-08 | $42.90 | $44.68 |
| 4-Jan-08 | $41.50 | $44.59 |
| 7-Jan-08 | $41.51 | $44.52 |
| 8-Jan-08 | $42.77 | $44.47 |
| 9-Jan-08 | $43.85 | $44.46 |
| 10-Jan-08 | $45.19 | $44.48 |
| 11-Jan-08 | $43.13 | $44.45 |
| 14-Jan-08 | $43.35 | $44.42 |
| 15-Jan-08 | $42.31 | $44.38 |
| 16-Jan-08 | $40.00 | $44.28 |
| 17-Jan-08 | $40.15 | $44.20 |
| 18-Jan-08 | $40.97 | $44.13 |
| 22-Jan-08 | $39.98 | $44.05 |
| 23-Jan-08 | $40.76 | $43.98 |
| 24-Jan-08 | $42.09 | $43.95 |
| 25-Jan-08 | $40.99 | $43.89 |
| 28-Jan-08 | $41.79 | $43.85 |
| 29-Jan-08 | $41.60 | $43.81 |
| 30-Jan-08 | $37.21 | $43.69 |
| 31-Jan-08 | $38.56 | $43.60 |
| 1-Feb-08 | $39.19 | $43.53 |
| 4-Feb-08 | $40.06 | $43.47 |
| 5-Feb-08 | $38.96 | $43.39 |

# HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

## 10.   How will I get a payment?

To qualify for a payment, you must send in a Proof of Claim.  A Proof of Claim is enclosed with this Notice.  Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it in the enclosed envelope postmarked no later than _____, 2014.

## 11.   When would I get my payment?

The Court will hold a hearing on _____, 2014, at _____, to decide whether to approve the Settlement.  If Judge Wu approves the Settlement, there may be appeals.  It is always uncertain whether these appeals can be resolved favorably, and resolving them can take time, perhaps more than a year.  It also takes time for all

- 10 -

910005_5

1    the claim forms to be processed.  If there are no appeals and depending on the number

2    of claims submitted, the Claims Administrator could distribute the Net Settlement

3    Fund as early as nine months after the fairness hearing.  Please be patient.

4    **12.    What am I giving up to get a payment or stay in the Settlement**

5    **Class?**

6         Unless you exclude yourself, you are staying in the Settlement Class, and that

7    means that you cannot sue, continue to sue, or be part of any other lawsuit against the

8    Defendants about the same issues in this case or about issues that could have been

9    asserted in this case.  It also means that all of the Court's orders will apply to you and

10   legally bind you and you will release your Released Claims in this case against

11   Defendants and their Related Persons.

12        "Released Claims" means any and all claims (including, without limitation,

13   Unknown Claims), demands, rights, liabilities, penalties, sanctions, damages, losses,

14   debts, obligations, fees, expenses, costs, judgments, matters, suits and causes of action

15   of any kind or nature whatsoever, whether known or unknown, contingent or absolute,

16   matured or unmatured, suspected or unsuspected, disclosed or undisclosed, hidden or

17   concealed, discoverable or undiscoverable, accrued or unaccrued, liquidated or

18   unliquidated, regardless of legal or equitable theory, including, without limitation,

19   claims for negligence, breach of fiduciary duty, breach of the duty of care and/or

20   loyalty, violation of any federal or state statute, rule or regulation, violation of

21   common law, violation of administration rule or regulation, tort, breach of contract,

22   violation of international law or violation of the law of any foreign jurisdiction, that

23   Lead Plaintiff or any other Settlement Class Member (i) asserted in the Action,

24   including in the Complaint, the Consolidated Complaint, the CAC and any other

25   document, filing or statement in the Action; or (ii) could have, or in the future might

26   have, asserted in the Action or in any other litigation or proceeding in any court,

27   tribunal or forum against any of the Released Persons, arising from, based upon, or

28   related in any way, directly or indirectly, in whole or in part, to (a) both the

- 11 -

allegations, transactions, facts, matters, occurrences, representations, statements and/or omissions involved, set forth or referred to in the Complaint, the Consolidated Complaint or the CAC and any public filing, press release, conference call transcript, recording or other document incorporated therein by reference or otherwise communicated to the public by Defendants (or any of them) during the Class Period, and the purchase or acquisition of Hansen common stock during the Class Period by any Settlement Class Member or the sale of such common stock by any Settlement Class Member during the Class Period; or (b) Defendants' defense or settlement of the Action and/or Defendants' defense or settlement of the Released Claims. Notwithstanding the foregoing, "Released Claims" does not include any claim to enforce the terms of the Stipulation and Settlement.

"Unknown Claims" means any Released Claims which Lead Plaintiff or any Settlement Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to or to seek exclusion from this Settlement, and include, without limitation, any such claims, rights, benefits or provisions released or waived pursuant to ¶6.3 of the Stipulation.

"Related Persons" means, (a) with respect to Hansen, each and all of its past or present subsidiaries, parents, commonly controlled entities or Persons, and affiliates, and each and all of its or their respective current or former officers, directors, employees, managers, shareholders, members, principals, agents, controlling persons, managing members, attorneys, legal counsel, accountants, auditors, consultants, financial advisors, investment advisors, commercial bank lenders, investment bankers, general and limited partners, indemnitors, indemnitees, insurers (including, but not limited to, Directors' and Officers' insurance carriers), reinsurers, representatives, predecessors, successors, assigns, and any Person acting on their behalf (collectively, "Affiliated Persons"); and (b) with respect to the Individual Defendants, each and all

1  of any Individual Defendant's family members and/or spouses, successors, assigns,

2  heirs, estates, administrators, executors, trustees, and personal representatives; any

3  company (including, but not limited to, any limited liability company ("LLC"));

4  corporation, partnership, trust, association, cooperative or other entity of any kind in

5  which any Individual Defendant and/or family member and/or spouse of any

6  Individual Defendant has or had any direct or indirect interest or management or

7  representative position, and/or which (either in whole or in part) is for the benefit

8  (either directly or indirectly) of any Individual Defendant and/or family member

9  and/or spouse of any Individual Defendant (including, but not limited to, Hilrod

10  Holdings L.P.; any partnership of which any Individual Defendant and/or family

11  member or spouse of any Individual Defendant is (either directly or indirectly) one or

12  more of the general and/or limited partners; and any trust of which any Individual

13  Defendant is (either directly or indirectly) one or more of the settlors, grantors and/or

14  trustees); and all Affiliated Persons of each Individual Defendant and each such

15  company (including, but not limited to, LLCs), corporation, partnership, trust,

16  association, cooperative or other entity.

17  **EXCLUDING YOURSELF FROM THE SETTLEMENT**

18  If you do not want a payment from this Settlement, but you want to keep the

19  right to sue or continue to sue the Defendants on your own about the same issues in

20  this case, then you must take steps to get out of the Settlement Class.  This is called

21  excluding yourself or is sometimes referred to as opting out of the Settlement Class.

22  **13.   How do I get out of the Settlement Class?**

23  To exclude yourself from the Settlement Class, you must send a letter by mail

24  stating that you want to be excluded from *Cunha v. Hansen Natural Corporation, et*

25  *al.*, No. ED-CV-08-01249-GW(JCx).   You must include your name, address,

26  telephone number, your signature, the number of shares of Hansen common stock you

27  purchased and sold between November 9, 2006 and November 8, 2007, inclusive, and

28  the dates and prices of such purchases and sales, and the price paid or received for

- 13 -

1   each such purchase or sale.  You must mail your exclusion request postmarked no

2   later than _____, 2014 **to:**

3       *Hansen Securities Litigation*
        Claims Administrator
4       c/o Gilardi & Co. LLC
        P.O. Box 8040
5       San Rafael, CA 94912-8040

6       You cannot exclude yourself on the phone or by e-mail.  Any request for

7   exclusion must also be signed by the Person requesting exclusion.  Requests for

8   exclusion will not be valid if they are not received within the time stated above unless

9   the Court orders otherwise.  If you ask to be excluded, you are not eligible to get any

10  settlement payment, and you cannot object to the Settlement.  You will not be legally

11  bound by anything that happens in this lawsuit.

12      **14.    If I do not exclude myself, can I sue Defendants for the same thing**

13  **later?**

14      No.  Unless you exclude yourself, you give up any right to sue Defendants for

15  the claims that this Settlement resolves.  Remember, the exclusion deadline is

16  _____, 2014.

17      **15.    If I exclude myself, can I get money from this Settlement?**

18      No.  If you exclude yourself, do not send in a Proof of Claim to ask for any

19  money.  Once you exclude yourself, you will receive no cash payment or any other

20  benefit provided for in the Settlement even if you also submit a Proof of Claim.

21              **THE LAWYERS REPRESENTING YOU**

22      **16.    Do I have a lawyer in this case?**

23      The Court appointed the law firm of Robbins Geller Rudman & Dowd LLP to

24  represent you and other Settlement Class Members.  These lawyers are called Lead

25  Counsel.  These lawyers will apply to the Court for payment from the Settlement

26  Fund; you will not otherwise be charged for their work.  If you want to be represented

27  by your own lawyer, you may hire one at your own expense.

28

- 14 -

**17.     How will the lawyers be paid?**

At the fairness hearing, Lead Plaintiff's counsel will request the Court to award attorneys' fees of up to 25% of the Settlement Fund and for expenses up to $360,000, which were incurred in connection with the Action.  If awarded, the cost would be $0.10 per share.   This compensation will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.  To date, Lead Plaintiff's counsel have not received any payment for their services in conducting this Action on behalf of the Lead Plaintiff and the Settlement Class, nor have counsel been paid for their expenses.  The fee requested will compensate Lead Plaintiff's counsel for their work in achieving the Settlement Fund and is within the range of fees awarded to class counsel under similar circumstances in other cases of this type.  The Court may award less than this amount.

<strong>OBJECTING TO THE SETTLEMENT</strong>

You can tell the Court that you do not agree with the Settlement, the Plan of Distribution, or Lead Plaintiff's counsel's request for an award of attorneys' fees and expenses.

**18.     How do I tell the Court that I do not like the Settlement?**

If you are a Settlement Class Member (and you have not excluded yourself), you can object to the Settlement, the request for attorneys' fees and expenses, or the Plan of Distribution if you do not like any part of it.  You can give reasons why you think the Court should not approve the Settlement, the request for attorneys' fees and expenses, or the Plan of Distribution.  The Court will consider your views.  To object, you must send a signed letter saying that you object to the proposed Settlement in *Cunha v. Hansen Natural Corporation, et al.*, No. ED-CV-08-01249-GW(JCx).  Be sure to include your name, address, telephone number, your signature, the number of shares of Hansen common stock purchased between November 9, 2006 and November 8, 2007, inclusive, and the reasons you object to the Settlement, the requested attorneys' fees and expenses, or the Plan of Distribution.  Any such objection must be

- 15 -

1 | mailed or delivered such that it is received by each of the following no later than
2 | _____, 2014:

3 | *Court*:

4 | Clerk of the Court
5 | United States District Court
   | Central District of California
6 | 312 North Spring Street
   | Los Angeles, CA 94102

7 | *Counsel for Lead Plaintiff*:

8 | ROBBINS GELLER RUDMAN & DOWD LLP
   | JEFFREY D. LIGHT
9 | DOUGLAS R. BRITTON
   | 655 West Broadway, Suite 1900
10 | San Diego, CA 92101

11 | *Counsel for Defendants*:

12 | SCHULTE ROTH & ZABEL LLP
   | MARTIN L. PERSCHETZ
13 | GARY STEIN
   | 919 Third Avenue
14 | New York, NY 10022-3902

15 If you object to the Settlement, the Plan of Distribution and/or Lead Counsel's
16 request for an award of attorneys' fees and expenses, you are submitting to the
17 jurisdiction of the Court with respect to the subject matter of the Settlement.

18 Any Settlement Class Member who does not make his, her or its objection in
19 the manner provided for herein shall be deemed to have waived such objection and
20 shall forever be foreclosed from making any objection to the fairness or adequacy of
21 the Settlement as reflected in the Stipulation, to the Plan of Distribution or to the
22 application by Lead Counsel for an award of attorneys' fees and expenses.

23 **19. What is the difference between objecting and excluding myself from**
24 **the Settlement?**

25 Objecting is telling the Court that you do not like something about the proposed
26 Settlement. You can object ***only*** if you stay in the Settlement Class. Excluding
27 yourself is telling the Court that you do not want to be part of the Settlement Class. If

28

- 16 -

1   you exclude yourself, you have no basis to object because the case no longer applies

2   to you.

3                      **THE COURT'S FAIRNESS HEARING**

4          The Court will hold a hearing to decide whether to approve the proposed

5   Settlement.  You may attend, but you do not have to.

6      **20.    When and where will the Court decide whether to approve the**

7   **Settlement?**

8          The Court will hold a hearing at _____, on _____, 2014, at the United

9   States District Court, Central District of California, 312 North Spring Street, Los

10  Angeles, California 90012.  At this hearing, the Court will consider whether the

11  Settlement is fair, reasonable, and adequate.  If there are objections, the Court will

12  consider them.  The Court will listen to people who have asked to speak at the

13  hearing.  The Court will also decide whether to approve the payment of fees and

14  expenses to Lead Plaintiff's counsel, including the Plan of Distribution.  We do not

15  know how long the hearing will take or whether the Court will make its decision on

16  the day of the hearing or sometime later.

17     **21.    Do I have to come to the hearing?**

18         No.  Lead Plaintiff's counsel will answer questions Judge Wu may have.  But,

19  you are welcome to come at your own expense.  If you send an objection, you do not

20  have to come to Court to talk about it.  As long as you mailed your written objection

21  on time, the Court will consider it.  You may also pay your own lawyer to attend, but

22  you are not required to do so.  Persons who intend to object and desire to present

23  evidence at the Settlement Hearing must include in their written objections the identity

24  of any witnesses they may call to testify and exhibits they intend to introduce into

25  evidence at the hearing.

26     **22.    May I speak at the hearing?**

27         You may ask the Court for permission to speak at the hearing.  To do so, you

28  must send a letter saying that it is your intention to appear regarding *Cunha v. Hansen*

                                    - 17 -

1   *Natural Corporation, et al.*, No. ED-CV-08-01249-GW(JCx).  Be sure to include your

2   name, address, telephone number, your signature, and the number of Hansen common

3   stock purchased between November 9, 2006 and November 8, 2007, inclusive.  Your

4   notice of intention to appear must be received no later than _____,

5   2014 by the Clerk of the Court, Lead Plaintiff's counsel, and Defendants' counsel, at

6   the addresses listed in Question 18.  You cannot speak at the hearing if you exclude

7   yourself from the Settlement Class.

8               **IF YOU DO NOTHING**

9       **23.**    **What happens if I do nothing at all?**

10      If you do nothing, you will get no money from this Settlement.  But, unless you

11   exclude yourself, you **will be bound by the Judgment and** will not be able to start a

12   lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants

13   about the same issues in this case.

14           **GETTING MORE INFORMATION**

15       **24.**    **Are there more details about the Settlement?**

16      This Notice summarizes the proposed Settlement.  More details are in the

17   Stipulation dated April 16, 2014, which has been filed with the Court.  You can get a

18   copy of the Stipulation from the Clerk's office at the United States District Court,

19   Central District of California, 312 North Spring Street, Los Angeles, California

20   90012, during regular business hours, or at www. hansensecuritiessettlement.com, or

21   you can contact a representative of Lead Counsel at the number and address below in

22   the answer to Question 25.

23       **25.**    **How do I get more information?**

24      You can call 1-800-449-4900 or write to a representative of Lead Plaintiff's

25   counsel, Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP,

26   655 West Broadway, Suite 1900, San Diego, CA 92101, or visit the Claims

27   Administrator's website at www.hansensecuritiessettlement.com. ***Please do not call***

28   ***the Court or the Clerk of the Court for additional information about the Settlement.***

- 18 -

1   **Special notice to banks, brokers, and other nominees:**

2      If you hold any Hansen common stock purchased or otherwise acquired

3  between November 9, 2006 and November 8, 2007, inclusive, as a nominee for a

4  beneficial owner, then, within ten (10) calendar days after you receive this Notice, you

5  must either: (1) send a copy of this Notice by First-Class Mail to all such Persons; or

6  (2) provide a list of the names and addresses of such Persons to the Claims

7  Administrator:

8         *Hansen Securities Litigation*
          Claims Administrator
9         c/o Gilardi & Co. LLC
          P.O. Box 8040
10        San Rafael, CA 94912-8040

11

12     If you choose to mail the Notice and Proof of Claim yourself, you may obtain

13  from the Claims Administrator (without cost to you) as many additional copies of

14  these documents as you will need to complete the mailing.

15     Regardless of whether you choose to complete the mailing yourself or elect to

16  have the mailing performed for you, you may obtain reimbursement for or

17  advancement of reasonable administrative costs actually incurred or expected to be

18  incurred in connection with forwarding the Notice and which would not have been

19  incurred but for the obligation to forward the Notice, upon submission of appropriate

20  documentation to the Claims Administrator.

21

22  DATED: _____          _____

23                                   THE HONORABLE GEORGE H. WU
                                     UNITED STATES DISTRICT JUDGE
24

25

26

27

28

910005_5

Exhibit A-1
-65-

# EXHIBIT A-2

1   ROBBINS GELLER RUDMAN
      & DOWD LLP
2   DOUGLAS R. BRITTON (188769)
    JEFFREY D. LIGHT (159515)
3   X. JAY ALVAREZ (134781)
    655 West Broadway, Suite 1900
4   San Diego, CA  92101
    Telephone:  619/231-1058
5   619/231-7423 (fax)
    dougb@rgrdlaw.com
6   jeffl@rgrdlaw.com
    jaya@rgrdlaw.com
7        – and –
    DANIEL J. PFEFFERBAUM (248631)
8   Post Montgomery Center
    One Montgomery Street, Suite 1800
9   San Francisco, CA  94104
    Telephone:  415/288-4545
10  415/288-4534 (fax)
    dpfefferbaum@rgrdlaw.com
11
    Lead Counsel for Plaintiffs
12

13                  UNITED STATES DISTRICT COURT

14               CENTRAL DISTRICT OF CALIFORNIA

15                      EASTERN DIVISION

16
    MARCELO CUNHA, Individually and  )  No. ED-CV-08-01249-GW(JCx)
17  on Behalf of All Others Similarly  )
    Situated,                          )  CLASS ACTION
18                                      )
                         Plaintiff,    )  PROOF OF CLAIM AND RELEASE
19                                      )
               vs.                     )  EXHIBIT A-2
20                                      )
    HANSEN NATURAL CORPORATION,)
21  et al.,                            )
                                        )
22                       Defendants.    )
    _____)
23

24

25

26

27

28

910037_5

**I.      GENERAL INSTRUCTIONS**

1.      To be potentially eligible to recover as a Settlement Class Member based on your claims in the consolidated action entitled *Cunha v. Hansen Natural Corporation, et al.*, No. ED-CV-08-01249-GW(JCx) (the "Action"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release form ("Proof of Claim").  If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement.

2.      Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the settlement of the Action.

3.      YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM POSTMARKED ON OR BEFORE _____, 2014, ADDRESSED AS FOLLOWS:

> *Hansen Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA 94912-8040

If you are NOT a Settlement Class Member (as defined in the Notice of Proposed Settlement of Class Action ("Notice")) DO NOT submit a Proof of Claim.

4.      If you are a Settlement Class Member and you did not timely request exclusion in connection with the proposed settlement, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

**II.     CLAIMANT IDENTIFICATION**

If you purchased or otherwise acquired Hansen Natural Corporation ("Hansen") common stock between November 9, 2006 and November 8, 2007, inclusive, and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser.  If, however, you purchased Hansen common stock and the certificate(s)

- 1 -

were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of Hansen common stock which forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OF HANSEN COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers must sign this claim.  Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

**III.   CLAIM FORM**

Use Part II of this form entitled "Schedule of Transactions in Hansen Common Stock" to supply all required details of your transaction(s) in Hansen common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases of Hansen common stock which took place at any time from November 9, 2006 and November 8, 2007, inclusive (the "Class Period"), whether such transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to *all* of the Hansen common stock you held at the close of trading on November 8, 2006, November 8, 2007 and February 5, 2008. Failure to report all such transactions may result in the rejection of your claim.

- 2 -

1  List each transaction in the Class Period separately and in chronological order,
2  by trade date, beginning with the earliest.  You must accurately provide the month,
3  day, and year of each transaction you list.

4  The date of covering a "short sale" is deemed to be the date of purchase of
5  Hansen common stock.  The date of a "short sale" is deemed to be the date of sale of
6  Hansen common stock.

7  Copies of broker confirmations or other documentation of your transactions in
8  Hansen common stock should be attached to your claim.  Failure to provide this
9  documentation could delay verification of your claim or result in rejection of your
10 claim.

11 NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large
12 numbers of transactions may request, or may be requested, to submit information
13 regarding their transactions in electronic files.  All claimants MUST submit a
14 manually signed paper Proof of Claim whether or not they also submit electronic
15 copies.  If you wish to file your claim electronically, you must contact the Claims
16 Administrator    at    1-877-343-5654    or    visit    their    website    at
17 www.hansensecuritiessettlement.com to obtain the required file layout.  No electronic
18 files will be considered to have been properly submitted unless the Claims
19 Administrator issues to the claimant a written acknowledgment of receipt and
20 acceptance of electronically submitted data.

21
22
23
24
25
26
27
28

- 3 -

910037_5

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

*Cunha v. Hansen Natural Corporation, et al.*, No. ED-CV-08-01249-GW(JCx)

PROOF OF CLAIM AND RELEASE

Must Be Postmarked No Later Than:

_____, 2014

<u>Please Type or Print</u>

PART I:      CLAIMANT IDENTIFICATION

_____
Beneficial Owner's Name (First, Middle, Last)

_____
Street Address

_____      _____
City                                                          State or Province

_____      _____
Zip Code or Postal Code                             Country

_____   _____   Individual
Social Security Number or              _____   Corporation/Other
Taxpayer Identification Number

_____   _____
Area Code            Telephone Number (work)

_____   _____
Area Code            Telephone Number (home)

_____
Record Owner's Name (if different from beneficial owner listed above)

- 4 -

PART II:    SCHEDULE OF TRANSACTIONS IN HANSEN COMMON STOCK

1.    Common Stock

A.    Number of shares of Hansen common stock held at the close of trading on November 8, 2006: _____

B.    Purchases of Hansen common stock (November 9, 2006 and February 5, 2008, inclusive):

| Trade Date<br>Month        Day<br>Year | Number of<br>Shares<br>Purchased | Total Purchase<br>Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

IMPORTANT:    Identify by number listed above all purchases in which you covered a "short sale": _____

C.    Sales of Hansen common stock (November 9, 2006, November 8, 2007 and February 5, 2008, inclusive):

| Trade Date<br>Month Day Year | Number of<br>Shares Sold | Total Sales Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

D.    Number of shares of Hansen common stock held at the close of trading on November 8, 2007: _____

E.    Number of shares of Hansen common stock held at the close of trading on February 5, 2008: _____

910037_5

**YOU MUST READ AND SIGN THE RELEASE ON PAGE ___. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim under the terms of the Stipulation of Settlement described in the Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Central District of California, with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action.  I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other Hansen securities) if requested to do so.  I (We) have not submitted any other claim covering the same purchases or sales of Hansen common stock during the Class Period and know of no other person having done so on my (our) behalf.

**V.    RELEASE**

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the "Released Persons," defined as each and all of Defendants in their individual and corporate capacities and each and all of their Related Persons. "Related Persons" means, (a) with respect to Hansen, each and all of its past or present subsidiaries, parents, commonly controlled entities or Persons, and affiliates, and each and all of its or their respective current or former officers, directors, employees, managers, shareholders, members, principals, agents, controlling persons, managing members, attorneys, legal counsel, accountants, auditors, consultants, financial advisors, investment advisors, commercial bank lenders, investment bankers, general and limited partners, indemnitors, indemnitees, insurers (including, but not

- 6 -

910037_5

1   limited to, Directors' and Officers' insurance carriers), reinsurers, representatives,

2   predecessors, successors, assigns, and any Person acting on their behalf (collectively,

3   "Affiliated Persons"); and (b) with respect to the Individual Defendants, each and all

4   of any Individual Defendant's family members and/or spouses, successors, assigns,

5   heirs, estates, administrators, executors, trustees, and personal representatives; any

6   company (including, but not limited to, any limited liability company ("LLC")),

7   corporation, partnership, trust, association, cooperative or other entity of any kind in

8   which any Individual Defendant and/or family member and/or spouse of any

9   Individual Defendant has or had any direct or indirect interest or management or

10   representative position, and/or which (either in whole or in part) is for the benefit

11   (either directly or indirectly) of any Individual Defendant and/or family member

12   and/or spouse of any Individual Defendant (including, but not limited to, Hilrod

13   Holdings L.P.; any partnership of which any Individual Defendant and/or family

14   member or spouse of any Individual Defendant is (either directly or indirectly) one or

15   more of the general and/or limited partners; and any trust of which any Individual

16   Defendant is (either directly or indirectly) one or more of the settlors, grantors and/or

17   trustees); and all Affiliated Persons of each Individual Defendant and each such

18   company (including, but not limited to, LLCs), corporation, partnership, trust,

19   association, cooperative or other entity.

20       2.    "Released Claims" means any and all claims (including, without

21   limitation, Unknown Claims), demands, rights, liabilities, penalties, sanctions,

22   damages, losses, debts, obligations, fees, expenses, costs, judgments, matters, suits

23   and causes of action of any kind or nature whatsoever, whether known or unknown,

24   contingent or absolute, matured or unmatured, suspected or unsuspected, disclosed or

25   undisclosed, hidden or concealed, discoverable or undiscoverable, accrued or

26   unaccrued, liquidated or unliquidated, regardless of legal or equitable theory,

27   including, without limitation, claims for negligence, breach of fiduciary duty, breach

28   of the duty of care and/or loyalty, violation of any federal or state statute, rule or

- 7 -

1  regulation, violation of common law, violation of administration rule or regulation,

2  tort, breach of contract, violation of international law or violation of the law of any

3  foreign jurisdiction, that Lead Plaintiff or any other Settlement Class Member (i)

4  asserted in the Action, including in the Complaint, the Consolidated Complaint, the

5  CAC and any other document, filing or statement in the Action; or (ii) could have, or

6  in the future might have, asserted in the Action or in any other litigation or proceeding

7  in any court, tribunal or forum against any of the Released Persons, arising from,

8  based upon, or related in any way, directly or indirectly, in whole or in part, to (a)

9  both the allegations, transactions, facts, matters, occurrences, representations,

10 statements and/or omissions involved, set forth or referred to in the Complaint, the

11 Consolidated Complaint or the CAC and any public filing, press release, conference

12 call transcript, recording or other document incorporated therein by reference or

13 otherwise communicated to the public by Defendants (or any of them) during the

14 Class Period, and the purchase or acquisition of Hansen common stock during the

15 Class Period by any Settlement Class Member or the sale of such common stock by

16 any Settlement Class Member during the Class Period; or (b) Defendants' defense or

17 settlement of the Action and/or Defendants' defense or settlement of the Released

18 Claims.  Notwithstanding the foregoing, "Released Claims" does not include any

19 claim to enforce the terms of the Stipulation and Settlement.

20          3.      "Unknown Claims" means any Released Claims which Lead Plaintiff or

21 any Settlement Class Members do not know or suspect to exist in his, her or its favor

22 at the time of the release of the Released Persons which, if known by him, her or it,

23 might have affected his, her or its settlement with and release of the Released Persons,

24 or might have affected his, her or its decision not to object to or to seek exclusion

25 from this Settlement, and include, without limitation, any such claims, rights, benefits

26 or provisions released or waived pursuant to ¶6.3 of the Stipulation.

27

28

910037_5

4.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

5.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Hansen common stock which occurred during the Class Period as well as the number of shares of Hansen common stock held by me (us) at the close of trading on November 9, 2006, November 8, 2007 and February 5, 2008.

6.      I (We) hereby warrant and represent that I (we) own(ed) the Hansen common stock identified in the Proof of Claim, or that, in signing and submitting this Proof of Claim, I (we) have the authority to act on behalf of the owner(s) thereof.

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim by the undersigned is true and correct.

Executed this _____ day of _____ (Month/Year)

in _____
        (City)                 (State/Country)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser,
Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.      Please sign the above release and declaration.  If this Proof of Claim is being made on behalf of joint purchasers, then all must sign.

- 9 -

1      2.      Remember to attach supporting documentation, if available.

2      3.      Do not send original stock certificates.

3      4.      Keep a copy of your claim form and all supporting documentation for
      your records.

4

5      5.      If you desire an acknowledgment of receipt of your claim form, please
      send it Certified Mail, Return Receipt Requested.

6      6.      If you move, please send us your new address.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 10 -

# EXHIBIT A-3

1 | ROBBINS GELLER RUDMAN
  |   & DOWD LLP
2 | DOUGLAS R. BRITTON (188769)
  | JEFFREY D. LIGHT (159515)
3 | X. JAY ALVAREZ (134781)
  | 655 West Broadway, Suite 1900
4 | San Diego, CA  92101
  | Telephone:  619/231-1058
5 | 619/231-7423 (fax)
  | dougb@rgrdlaw.com
6 | jeffl@rgrdlaw.com
  | jaya@rgrdlaw.com
7 |      – and –
  | DANIEL J. PFEFFERBAUM (248631)
8 | Post Montgomery Center
  | One Montgomery Street, Suite 1800
9 | San Francisco, CA  94104
  | Telephone:  415/288-4545
10 | 415/288-4534 (fax)
   | dpfefferbaum@rgrdlaw.com
11 |
   | Lead Counsel for Plaintiffs
12 |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| MARCELO CUNHA, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. ED-CV-08-01249-GW(JCx) |
|---|---|---|
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | SUMMARY NOTICE |
| vs. | ) ) | EXHIBIT A-3 |
| HANSEN NATURAL CORPORATION, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

910099_4

Exhibit A-3
-77-

TO:   ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED HANSEN NATURAL CORPORATION ("HANSEN")[1] COMMON STOCK BETWEEN NOVEMBER 9, 2006 AND NOVEMBER 8, 2007, INCLUSIVE

YOU ARE HEREBY NOTIFIED that pursuant to an Order of the United States District Court for the Central District of California, a hearing will be held on _____, 2014, at __:__ __.m., before the Honorable George H. Wu, at the United States District Court for the Central District of California, 312 North Spring Street, Los Angeles, CA 90012, for the purpose of determining: (1) whether the proposed settlement of the Action for the sum of Sixteen Million Two Hundred Fifty Thousand Dollars ($16,250,000.00) in cash should be approved by the Court as fair, reasonable, and adequate; (2) whether, thereafter, this Action should be dismissed with prejudice against the Defendants as set forth in the Stipulation of Settlement dated as of April 16, 2014; (3) whether the Plan of Distribution of settlement proceeds is fair, reasonable, and adequate and therefore should be approved; and (4) the reasonableness of the application of Lead Counsel for an award of attorneys' fees and expenses, together with interest thereon.

If you purchased or otherwise acquired Hansen common stock between November 9, 2006 and November 8, 2007, inclusive, your rights may be affected by this Action and the settlement thereof. If you have not received a detailed Notice of Proposed Settlement of Class Action and a copy of the Proof of Claim and Release form, you may obtain copies by writing to *Cunha v. Hansen Natural Corporation Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA 94912-8040, or by downloading this information at www.hansensecuritiessettlement.com. If you are a Settlement Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release postmarked no later than _____, 2014, establishing that you

---

[1]   On or about January 1, 2012, Hansen changed its name to Monster Beverage Corporation.

- 1 -

1   are entitled to a recovery.  Regardless of whether you submit a claim form or obtain

2   any distribution of the settlement fund, if the settlement is approved by the Court, you

3   will be bound by any judgment rendered in the Action unless you request to be

4   excluded, in writing, to the above address, postmarked by _____, 2014.

5          Any objection to any aspect of the settlement must be filed with the Clerk of the

6   Court no later than _____, 2014, and *received* by the following no later than

7   _____, 2014:

8                    ROBBINS GELLER RUDMAN
                       & DOWD LLP
9                    JEFFREY D. LIGHT
                     DOUGLAS R. BRITTON
10                   655 West Broadway, Suite 1900
                     San Diego, CA 92101
11
                     *Counsel for Lead Plaintiff*
12
13                   SCHULTE ROTH & ZABEL LLP
                     MARTIN L. PERSCHETZ
                     GARY STEIN
14                   919 Third Avenue
                     New York, New York 10022-3902
15
                     *Counsel for Defendants*
16

17

18          **PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S**

    **OFFICE REGARDING THIS NOTICE.   Inquiries may be made to a**
19
    **representative of Lead Counsel for the Settlement Class:**
20

21          Rick Nelson

22          Shareholder Relations

            ROBBINS GELLER RUDMAN
23            & DOWD LLP

24          655 West Broadway, Suite 1900

            San Diego, CA 92101
25          1-800-449-4900

26   DATED: _____          BY ORDER OF THE COURT
                                          UNITED STATES DISTRICT COURT
27                                        CENTRAL DISTRICT OF CALIFORNIA

28

                                          - 2 -

# EXHIBIT B

```
 1 | ROBBINS GELLER RUDMAN
   |   & DOWD LLP
 2 | DOUGLAS R. BRITTON (188769)
   | JEFFREY D. LIGHT (159515)
 3 | X. JAY ALVAREZ (134781)
   | 655 West Broadway, Suite 1900
 4 | San Diego, CA  92101
   | Telephone:  619/231-1058
 5 | 619/231-7423 (fax)
   | dougb@rgrdlaw.com
 6 | jeffl@rgrdlaw.com
   | jaya@rgrdlaw.com
 7 |      – and –
   | DANIEL J. PFEFFERBAUM (248631)
 8 | Post Montgomery Center
   | One Montgomery Street, Suite 1800
 9 | San Francisco, CA  94104
   | Telephone:  415/288-4545
10 | 415/288-4534 (fax)
   | dpfefferbaum@rgrdlaw.com
11 |
   | Lead Counsel for Plaintiffs
12 |
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MARCELO CUNHA, Individually and on Behalf of All Others Similarly Situated,<br><br>             Plaintiff,<br><br>    vs.<br><br>HANSEN NATURAL CORPORATION, et al.,<br><br>             Defendants. | No. ED-CV-08-01249-GW(JCx)<br><br><u>CLASS ACTION</u><br><br>[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE<br><br>EXHIBIT B |

913367_5

1      This matter came before the Court for hearing pursuant to the Order
2  Preliminarily Approving Settlement and Providing for Notice ("Order") dated
3  _____, on the application of the parties for approval of the Settlement set
4  forth in the Stipulation of Settlement dated as of April 16, 2014 (the "Stipulation").
5  Due and adequate notice having been given to the Settlement Class as required in said
6  Order, and the Court having considered all papers filed and proceedings had herein
7  and otherwise being fully informed in the premises and good cause appearing
8  therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

9      1.     This Judgment incorporates by reference the definitions in the
10 Stipulation, and all terms used herein shall have the same meanings as set forth in the
11 Stipulation, unless otherwise set forth herein.

12     2.     This Court has jurisdiction over the subject matter of the Action and over
13 all parties to the Action, including all members of the Settlement Class.

14     3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"),
15 and solely for purposes of the Settlement, the Court hereby finally certifies a
16 Settlement Class defined as: "all Persons who purchased or otherwise acquired
17 Hansen common stock between November 9, 2006 and November 8, 2007, inclusive.
18 Excluded from the Settlement Class are: Defendants, the officers and directors of
19 Hansen, members of their immediate families and their legal representatives, heirs,
20 successors or assigns and any entity in which Defendants have or had a controlling
21 interest.  Also excluded from the Settlement Class are those Class Members who
22 submit valid and timely requests for exclusion pursuant to the Notice of Proposed
23 Settlement of Class Action."  With respect to the Settlement Class, this Court finds,
24 solely for the purposes of the Settlement, that the prerequisites for a class action under
25 Rules 23(a) and (b)(3) have been satisfied.

26     4.     Pursuant to Rule 23, the Court hereby approves the Settlement set forth in
27 the Stipulation as fair, reasonable, and adequate.  The Court further finds that the
28 Settlement set forth in the Stipulation is the result of good-faith, informed, arm's-

- 1 -

1    length negotiations between competent, experienced counsel representing the interests
2    of the respective Settling Parties.   The Court further finds that the record is
3    sufficiently developed and complete to have enabled the Settling Parties to have
4    adequately evaluated and considered their positions.   Accordingly, the Settlement
5    embodied in the Stipulation is hereby finally approved in all respects.

6        5.      Accordingly, the Court authorizes and directs implementation and
7    performance of all the terms and provisions of the Stipulation, as well as the terms and
8    provisions hereof.  The Court hereby dismisses the Action and all Released Claims of
9    the Settlement Class with prejudice and without costs as to any party, except as and to
10   the extent provided in the Stipulation and herein.

11       6.      Upon the Effective Date, the Lead Plaintiff, and each and every
12   Settlement Class Member, for themselves, and anyone claiming (now or in the future)
13   through or on behalf of any of them, shall be deemed to have, and by operation of this
14   Judgment shall have, fully, finally, and forever waived, released, relinquished,
15   discharged, and dismissed each and every one of the Released Claims (including
16   Unknown Claims) against each and every one of the Released Persons, whether or not
17   such Settlement Class Member executes and delivers the Proof of Claim and Release,
18   and whether or not such Settlement Class Member shares in the Settlement Fund.  The
19   Settling Parties acknowledge, and the Settlement Class Members shall be deemed by
20   operation of law and of this Judgment to have acknowledged, that the foregoing
21   waiver of Unknown Claims and of the provisions, rights and benefits of §1542 of the
22   California Civil Code was separately bargained for and is a material element of the
23   Settlement of which the release in this paragraph is a part.

24       7.      All Settlement Class Members are hereby forever barred and enjoined
25   from prosecuting any of the Released Claims against any of the Released Persons.

26       8.      Upon the Effective Date, each of the Released Persons shall be deemed to
27   have, and by operation of this Judgment shall have, fully, finally, and forever released,
28   relinquished, and discharged Lead Plaintiff, each and all of the Settlement Class

- 2 -

913367_5

1   Members, Lead Counsel, and Plaintiff's Counsel from all claims (including Unknown

2   Claims) arising out of, relating to, or in connection with the institution, prosecution,

3   assertion, settlement or resolution of the Action or the Released Claims.

4          9.    The Notice of Proposed Settlement of Class Action given to the

5   Settlement Class was the best notice practicable under the circumstances, including

6   the individual notice to all Settlement Class Members who could be identified through

7   reasonable effort.   Said notice provided the best notice practicable under the

8   circumstances of those proceedings and of the matters set forth therein, including the

9   proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice,

10   and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23

11   and the requirements of due process, and any other applicable law.  Thus, it is hereby

12   determined that all Settlement Class Members are bound by this Judgment.

13         10.    Any Plan of Distribution submitted by Lead Counsel or any order entered

14   regarding any attorneys' fee and expense application shall in no way disturb or affect

15   this Judgment and shall be considered separate from this Judgment.

16         11.    Neither the Stipulation nor the Settlement contained herein, nor any act

17   performed or document executed pursuant to or in furtherance of the Stipulation or the

18   Settlement is or may be deemed to be or may be used as an admission of, or evidence

19   of: (a) the validity of any Released Claim, or of any liability, negligence, gross

20   negligence, recklessness, deliberate recklessness, fault or other wrongdoing of any

21   kind; or (b) any liability, fault, misrepresentation or omission with respect to any

22   statement or written document; or (c) the validity or invalidity of any claims asserted

23   by Lead Plaintiff or the amount of any recoverable damages in connection with those

24   claims; or (d) any infirmity in the defenses that have been or could have been asserted

25   in this Action.  The provisions set forth in this paragraph 11 (a)-(d) above each apply

26   with respect to any civil, criminal, or administrative proceeding in any court,

27   administrative agency or other tribunal.   The Released Persons may file the

28   Stipulation and/or the Judgment in any action that may be brought against them in

- 3 -

order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Action; and (d) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

13.     The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

14.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation and the Settling Parties shall be restored to their respective positions in the Action as of the date of the Stipulation.

15.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16.     This Court finds, for purposes of the Federal Rules of Civil Procedure, that there is no just reason for delay and expressly directs the Clerk of the Court to enter this Judgment as set forth herein immediately.   This Judgment is a final

- 4 -

1  Judgment in the Action as to all claims asserted therein at any time and as to all of the

2  Settlement Class Member's Released Claims against the Released Persons.

3       17.    Judgment shall be, and hereby is, entered dismissing the Action in its

4  entirety with prejudice.

5       IT IS SO ORDERED.

6

7  DATED: _____        _____

                                    THE HONORABLE GEORGE H. WU

8                                      UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

913367_5

Exhibit B
-85-