ROBBINS GELLER RUDMAN
  & DOWD LLP
DOUGLAS R. BRITTON (188769)
JEFFREY D. LIGHT (159515)
X. JAY ALVAREZ (134781)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dougb@rgrdlaw.com
jeffl@rgrdlaw.com
jaya@rgrdlaw.com
        – and –
DANIEL J. PFEFFERBAUM (248631)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
dpfefferbaum@rgrdlaw.com

Lead Counsel for Plaintiffs

**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MARCELO CUNHA, Individually and on Behalf of All Others Similarly Situated, | ) )  No. EDCV 08-01249-GW(JCx) ) |
| | )  <u>CLASS ACTION</u> ) |
| Plaintiff, | )  FINAL JUDGMENT AND ORDER OF |
| vs. | )  DISMISSAL WITH PREJUDICE ) )  |
| HANSEN NATURAL CORPORATION, et al., | ) ) ) |
| Defendants. | ) ) |

997297_2

1   This matter came before the Court for hearing pursuant to the Amended Order

2   Preliminarily Approving Settlement and Providing for Notice ("Order") dated July 28,

3   2014, on the application of the parties for approval of the Settlement set forth in the

4   Stipulation of Settlement dated April 16, 2014 (the "Stipulation").  Due and adequate

5   notice having been given to the Settlement Class as required in said Order, and the

6   Court having considered all papers filed and proceedings had herein and otherwise

7   being fully informed in the premises and good cause appearing therefore, IT IS

8   HEREBY ORDERED, ADJUDGED, AND DECREED that:

9       1.    This Judgment incorporates by reference the definitions in the

10   Stipulation, and all terms used herein shall have the same meanings as set forth in the

11   Stipulation, unless otherwise set forth herein.

12      2.    This Court has jurisdiction over the subject matter of the Action and over

13   all parties to the Action, including all members of the Settlement Class.

14      3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"),

15   and solely for purposes of the Settlement, the Court hereby finally certifies a

16   Settlement Class defined as: "all Persons who purchased or otherwise acquired

17   Hansen common stock between November 9, 2006 and November 8, 2007, inclusive.

18   Excluded from the Settlement Class are: Defendants, the officers and directors of

19   Hansen, members of their immediate families and their legal representatives, heirs,

20   successors or assigns and any entity in which Defendants have or had a controlling

21   interest.   Also excluded from the Settlement Class are those Settlement Class

22   Members who submit valid and timely requests for exclusion pursuant to the Notice of

23   Proposed Settlement of Class Action."[1]  With respect to the Settlement Class, this

24   Court finds, solely for the purposes of the Settlement, that the prerequisites for a class

25   action under Rules 23(a) and (b)(3) have been satisfied.

26

27   _____

28   [1]   All requests for exclusion are attached hereto as Exhibit 1.

- 1 -

4.     Pursuant to Rule 23, the Court hereby approves the Settlement set forth in the Stipulation as fair, reasonable, and adequate.  The Court further finds that the Settlement set forth in the Stipulation is the result of good-faith, informed, arm's-length negotiations between competent, experienced counsel representing the interests of the respective Settling Parties.  The Court further finds that the record is sufficiently developed and complete to have enabled the Settling Parties to have adequately evaluated and considered their positions.  Accordingly, the Settlement embodied in the Stipulation is hereby finally approved in all respects.

5.     Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  The Court hereby dismisses the Action and all Released Claims of the Settlement Class with prejudice and without costs as to any party, except as and to the extent provided in the Stipulation and herein.

6.     Upon the Effective Date, the Lead Plaintiff, and each and every Settlement Class Member, for themselves, and anyone claiming (now or in the future) through or on behalf of any of them, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed each and every one of the Released Claims (including Unknown Claims) against each and every one of the Released Persons, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release, and whether or not such Settlement Class Member shares in the Settlement Fund.  The Settling Parties acknowledge, and the Settlement Class Members shall be deemed by operation of law and of this Judgment to have acknowledged, that the waiver of Unknown Claims and of the provisions, rights and benefits of §1542 of the California Civil Code was separately bargained for and is a material element of the Settlement of which the release in this paragraph is a part.

7.     All Settlement Class Members are hereby forever barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

- 2 -

997297_2

8.     Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Settlement Class Members, Lead Counsel, and Plaintiff's Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims.

9.     The Notice of Proposed Settlement of Class Action given to the Settlement Class was the best notice practicable under the circumstances, including the individual notice to all Settlement Class Members who could be identified through reasonable effort.   Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process, and any other applicable law.  Thus, it is hereby determined that all Settlement Class Members are bound by this Judgment.

10.     Any Plan of Distribution submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

11.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement is or may be deemed to be or may be used as an admission of, or evidence of: (a) the validity of any Released Claim, or of any liability, negligence, gross negligence, recklessness, deliberate recklessness, fault or other wrongdoing of any kind; or (b) any liability, fault, misrepresentation or omission with respect to any statement or written document; or (c) the validity or invalidity of any claims asserted by Lead Plaintiff or the amount of any recoverable damages in connection with those claims; or (d) any infirmity in the defenses that have been or could have been asserted in this Action.  The provisions set forth in this paragraph 11 (a)-(d) above each apply

- 3 -

997297_2

with respect to any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal.  The Released Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12.   Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Action; and (d) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

13.   The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

14.   In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or their insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation and the Settling Parties shall be restored to their respective positions in the Action as of the date of the Stipulation.

15.   Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

- 4 -

16.     This Court finds, for purposes of the Federal Rules of Civil Procedure, that there is no just reason for delay and expressly directs the Clerk of the Court to enter this Judgment as set forth herein immediately.   This Judgment is a final Judgment in the Action as to all claims asserted therein at any time and as to all of the Settlement Class Member's Released Claims against the Released Persons.

17.     Judgment shall be, and hereby is, entered dismissing the Action in its entirety with prejudice.

IT IS SO ORDERED.

DATED:  January 29, 2015

_____ _George H. Wu_ _____

THE HONORABLE GEORGE H. WU
UNITED STATES DISTRICT JUDGE

997297_2

- 5 -

# EXHIBIT 1

Exhibit 1
- 6-



RECEIVED *EC*

SEP 2 5 2014

CLAIMS CENTER

# Exclusion Cover Page

**Case Name:** Hansen Natural Corporation

**Case Code:** HANSEN

**Exclusion Deadline:** December 1, 2014 (Postmark Date)

**Name of Person Filing Exclusion:** Lorraine L. Slater

Exhibit 1
- 7-

*from the desk of.....*
**VMS   Ralph A. Slater**

Sept. 22, 2014

RE: Hansen Sec. Litigation

to whom it may concern,

Please exclude me
from this Class Action.

thank you,

yours truly,

Lorraine H Slater

Exhibit 1
- 8-

HANSEN





Hansen Securities Litigation Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

RECEIVED EC

SEP 25 2014

CLAIMS CENTER

Exhibit 1
- 9-



*HANSEN-
EXCL00002*

RECEIVED *EC*

SEP 2 9 2014

CLAIMS CENTER

# Exclusion Cover Page

Case Name:  Hansen Natural Corporation

Case Code:  HANSEN

Exclusion Deadline:  December 1, 2014 (Postmark Date)

Name of Person Filing Exclusion:  Paul L. Tegantvoort
                                              Karen J. Tegantvoort

Exhibit 1
- 10-

Official
Office
Use
Only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

*Cunha v. Hansen Natural Corporation, et al.,*

No. ED-CV-08-01249-GW(JCx)

PROOF OF CLAIM AND RELEASE

Please Type or Print in the Boxes Below
Do NOT use Red Ink, Pencil, or Staples

**Must Be Postmarked
No Later Than
November 12, 2014**

# HANSEN

---

**PART I: CLAIMANT IDENTIFICATION**

Last Name: TeGantvoort   M.I.: J   First Name: Karen

Last Name (Co-Beneficial Owner): TeGantvoort   M.I.: L   First Name (Co-Beneficial Owner): Paul

☐ IRA   ☒ Joint Tenancy   ☐ Employee   ☐ Individual   ☐ Other _____ (specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

*We want to be excluded from this law suit!*

Account#/Fund# (Not Necessary for Individual Filers)

Social Security Number _____ or Taxpayer Identification Number _____

*Thanks.*
*Karen Te Gantvoort*

Telephone Number (Primary Daytime) _____   Telephone Number (Alternate) _____

Email Address _____

---

**MAILING INFORMATION**

Address

Address

City   State   Zip Code

Foreign Province   Foreign Postal Code   Foreign Country Name/Abbreviation

---

FOR CLAIMS
PROCESSING
ONLY
OB ___   CB ___

☐ ATP   ☐ BE   ☐ FL   ☐ OP
☐ KE    ☐ DR   ☐ ME   ☐ RE
☐ ICI   ☐ EM   ☐ ND   ☐ SH

M M / D D / Y Y Y Y

FOR CLAIMS
PROCESSING
ONLY

3

Exhibit 1
- 11-

**PART II. SCHEDULE OF TRANSACTIONS IN HANSEN COMMON STOCK**

Proof Enclosed?

A.  Number of shares of Hansen common stock held at the close
of trading on November 8, 2006:

○ Y
○ N

B.  Purchases or acquisitions of Hansen common stock (between November 9, 2006 and February 5, 2008, inclusive):

| PURCHASES Trade Date(s) of Shares (List Chronologically) | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price (Excluding Commissions, Taxes and Fees) Please round off to the nearest whole dollar | Proof of Purchase Enclosed? |
|---|---|---|---|
| M M  D D  Y Y Y Y | | | |
| 1. __/__/____ | | $ . 0 0 | ○ Y ○ N |
| 2. __/__/____ | | $ . 0 0 | ○ Y ○ N |
| 3. __/__/____ | | $ . 0 0 | ○ Y ○ N |
| 4. __/__/____ | | $ . 0 0 | ○ Y ○ N |

IMPORTANT:  If any purchase listed covered a "short sale," please mark Yes:      ○ Yes

C.  Sales of Hansen common stock (between November 9, 2006 and February 5, 2008, inclusive):

| SALES Trade Date(s) of Shares (List Chronologically) | Number of Shares Sold | Total Sales Price (Excluding Commissions, Taxes and Fees) Please round off to the nearest whole dollar | Proof of Sales Enclosed? |
|---|---|---|---|
| M M  D D  Y Y Y Y | | | |
| 1. __/__/____ | | $ . 0 0 | ○ Y ○ N |
| 2. __/__/____ | | $ . 0 0 | ○ Y ○ N |
| 3. __/__/____ | | $ . 0 0 | ○ Y ○ N |
| 4. __/__/____ | | $ . 0 0 | ○ Y ○ N |

Proof Enclosed?

D.  Number of shares of Hansen common stock held at the close
of trading on November 8, 2007:

○ Y
○ N

Proof Enclosed?

E.  Number of shares of Hansen common stock held at the close
of trading on February 5, 2008:

○ Y
○ N

IF YOU NEED MORE SPACE TO LIST YOUR TRANSACTIONS YOU MAY PHOTOCOPY THIS PAGE OR DOWNLOAD
ADDITIONAL PAGES AT THE CASE WEBSITE, WRITE YOUR NAME ON ADDITIONAL PAGES AND FILL THE CIRCLE: ○

4

Exhibit 1
- 12-

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 6.**
**FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

### IV. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Stipulation of Settlement described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Central District of California, with respect to my (our) claim as a Settlement Class Member and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Action. I (We) agree to furnish additional information to the Claims Administrator to support this claim (including transactions in other Hansen securities) if requested to do so. I (We) have not submitted any other claim covering the same purchases, acquisitions or sales of Hansen common stock during the Class Period and know of no other person having done so on my (our) behalf.

### V. RELEASE

1. I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the "Released Persons," defined as each and all of Defendants in their individual and corporate capacities and each and all of their Related Persons. "Related Persons" means, (a) with respect to Hansen, each and all of its past or present subsidiaries, parents, commonly controlled entities or Persons, and affiliates, and each and all of its or their respective current or former officers, directors, employees, managers, shareholders, members, principals, agents, controlling persons, managing members, attorneys, legal counsel, accountants, auditors, consultants, financial advisors, investment advisors, commercial bank lenders, investment bankers, general and limited partners, indemnitors, indemnitees, insurers (including, but not limited to, Directors' and Officers' insurance carriers), reinsurers, representatives, predecessors, successors, assigns, and any Person acting on their behalf (collectively, "Affiliated Persons"); and (b) with respect to the Individual Defendants, each and all of any Individual Defendant's family members and/or spouses, successors, assigns, heirs, estates, administrators, executors, trustees, and personal representatives; any company (including, but not limited to, any limited liability company ("LLC")), corporation, partnership, trust, association, cooperative or other entity of any kind in which any Individual Defendant and/or family member and/or spouse of any Individual Defendant has or had any direct or indirect interest or management or representative position, and/or which (either in whole or in part) is for the benefit (either directly or indirectly) of any Individual Defendant and/or family member and/or spouse of any Individual Defendant (including, but not limited to, Hilrod Holdings L.P.; any partnership of which any Individual Defendant and/or family member or spouse of any Individual Defendant is (either directly or indirectly) one or more of the general and/or limited partners; and any trust of which any Individual Defendant is (either directly or indirectly) one or more of the settlors, grantors and/or trustees); and all Affiliated Persons of each Individual Defendant and each such company (including, but not limited to, LLCs), corporation, partnership, trust, association, cooperative or other entity.

2. "Released Claims" means any and all claims (including, without limitation, Unknown Claims), demands, rights, liabilities, penalties, sanctions, damages, losses, debts, obligations, fees, expenses, costs, judgments, matters, suits and causes of action of any kind or nature whatsoever, whether known or unknown, contingent or absolute, matured or unmatured, suspected or unsuspected, disclosed or undisclosed, hidden or concealed, discoverable or undiscoverable, accrued or unaccrued, liquidated or unliquidated, regardless of legal or equitable theory, including, without limitation, claims for negligence, breach of fiduciary duty, breach of the duty of care and/or loyalty, violation of any federal or state statute, rule or regulation, violation of common law, violation of administration rule or regulation, tort, breach of contract, violation of international law or violation of the law of any foreign jurisdiction, that Lead Plaintiff or any other Settlement Class Member (i) asserted in the Action, including in the Complaint, the Consolidated Complaint, the CAC and any other document, filing or statement in the Action; or (ii) could have, or in the future might have, asserted in the Action or in any other litigation or proceeding in any court, tribunal or forum against any of the Released Persons, arising from, based upon, or related in any way, directly or indirectly, in whole or in part, to (a) both the allegations, transactions, facts, matters, occurrences, representations, statements and/or omissions involved, set forth or referred to in the Complaint, the Consolidated Complaint or the CAC and any public filing, press release, conference call transcript, recording or other document incorporated therein by reference or otherwise communicated to the public by Defendants (or any of them) during the Class Period, and the purchase or acquisition of Hansen common stock during the Class Period by any Settlement Class Member or the sale of such common stock by any Settlement Class Member during the Class Period; or (b) Defendants' defense or settlement of the Action and/or Defendants' defense or settlement of the Released Claims. Notwithstanding the foregoing, "Released Claims" does not include any claim to enforce the terms of the Stipulation and Settlement.

3. "Unknown Claims" means any Released Claims which Lead Plaintiff or any Settlement Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to or to seek exclusion from this Settlement, and include, without limitation, any such claims, rights, benefits or provisions released or waived pursuant to ¶6.3 of the Stipulation.



5

Exhibit 1
- 13-

4.  I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

5.  I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Hansen common stock which occurred during the Class Period as well as the number of shares of Hansen common stock held by me (us) at the close of trading on November 8, 2006, November 8, 2007 and February 5, 2008.

6.  I (We) hereby warrant and represent that I (we) own(ed) the Hansen common stock identified in the Proof of Claim, or that, in signing and submitting this Proof of Claim, I (we) have the authority to act on behalf of the owner(s) thereof.

7.  I (We) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.

NOTE: IF YOU HAVE BEEN NOTIFIED BY THE INTERNAL REVENUE SERVICE THAT YOU ARE SUBJECT TO BACKUP WITHHOLDING, PLEASE STRIKE OUT THE LANGUAGE THAT YOU ARE NOT SUBJECT TO BACKUP WITHHOLDING IN THE CERTIFICATION ABOVE AND FILL THE CIRCLE. ◌

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim by the undersigned is true and correct.

Executed this _____ day of _____ in _____
                                              (Month/Year)                              (City/State/Country)

_____          _____
(Sign your name here)                                          (Sign your name here)

_____          _____
(Type or print your name here)                              (Type or print your name here)

_____          _____
(Capacity of person(s) signing, *e.g.*,                    (Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser, Executor or Administrator)      Beneficial Purchaser, Executor or Administrator)

### ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1. Please sign the above release and declaration.

2. If this Claim is being made on behalf of Joint Claimants, then both must sign.

3. Remember to attach copies of supporting documentation, if available.

4. **Do not send** originals of certificates or other documentation as they will not be returned.

5. Keep a copy of your claim form and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your claim form please send it Certified Mail, Return Receipt Requested.

7. If you move, please send your new address to:

*Hansen Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

8. **Do not use red pen or highlighter** on the Proof of Claim form or supporting documentation.

### THIS PROOF OF CLAIM MUST BE POSTMARKED NO LATER THAN NOVEMBER 12, 2014, AND MUST BE MAILED TO:

*Hansen Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040



6

Exhibit 1
- 14 -



TACOMA WA 983
OLYMPIA WA,
25 SEP 2014 PM 2 L

Hansen Securities Litigation Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

RECEIVED *EC*

SEP 2 3 2014

CLAIMS CENTER



Paul
† Karen Tegantvoort

HANSEN

Exhibit 1
- 15-



*HANSEN-
EXCL00003*

RECEIVED **EC**

SEP 29 2014

**CLAIMS CENTER**

# Exclusion Cover Page

Case Name:  Hansen Natural Corporation

Case Code:  HANSEN

Exclusion Deadline:  December 1, 2014 (Postmark Date)

Name of Person Filing Exclusion:  Stephen Pollak

Exhibit 1
- 16-

Stephen Pollak

September 22, 2014

Hansen Securities Litigation
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

To whom it may concern:

Please exclude me from the Settlement Class for

*Cunha v. Hansen Natural Corporation, et al.*, No. ED-CV-08-01249-GW(JCx).*Cunha v. Hansen Natural Corporation, et al.*, No. ED-CV-08-01249-GW(JCx).

I did not own any shares on November 7, 2007, so I do not qualify for any claim, as outlined in the Class Action notice.

If needed, I can be reached at the phone # above, or at
I would appreciate it, if you could send me an email to let me know that you have received this, and that it is in order.

Thank you.

| Date | Action | Price | Shares | Amount |
|------|--------|-------|--------|--------|
| 7/13/2006 | Bought | 46.71 | 400 | $18,685.20 |
| 1/17/2007 | Sold | 38.44 | 400 | $15,367.52 |
| 8/4/2006 | Bought | 41.04 | 500 | $20,520.00 |
| 11/9/2006 | Bought | 25.14 | 400 | $10,056.00 |
| 1/17/2007 | Sold | 38.44 | 900 | $34,594.93 |

Sincerely,

Stephen Pollak

Stephen Pollak

Exhibit 1
- 17-



WESTCHESTER NY 105

24 SEP 2014 PM 4 L



Mr. Stephen M. Pollak

Hansen Securities Litigation Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 8040
San Rafael, CA 94912-8040

RECEIVED *EC*

SEP 29 2014

CLAIMS CENTER

HANSEN

Exhibit 1
- 18-



*HANSEN-
EXCL00004*

RECEIVED EC

OCT 1 4 2014

CLAIMS CENTER

# Exclusion Cover Page

Case Name:  Hansen Natural Corporation

Case Code:  HANSEN

Exclusion Deadline:  December 1, 2014 (Postmark Date)

Name of Person Filing Exclusion:  Timothy Tobin

Exhibit 1
- 19-

Timothy Tobin



Hansen Securities Litigation
Claims Administrator
P.O. Box 8040
San Rafael, CA 94912-8040

     **RE:**    **Exclusion from *Cunha v. Hansen Natural Corporation, et al.*,**
              **No. ED-CV-08-01249-GW(JCx)**

To whom it many concern:

        I wish to be excluded from Cunha v. Hansen Natural Corporation, et al., No. ED-CV-08-01249-G*W(JCx)*. *During the period in question (November 9, 2006 through and inclusive of November 8,* 2007), I purchased and sold the following shares:

| Date | # of Shares | Buy Price (Sell Price) | (Price Paid) Price Received |
|------|------------|------------------------|------------------------------|
| 11/9/2006 | 4435 | 27.28 | (120,996.79) |
| 11/13/2006 | **-4435** | **(27.40)** | 121,505.27 |
| 1/10/2007 | 1773 | 35.95 | (63,749.34) |
| 1/10/2007 | **-1773** | **(36.10)** | 63,993.34 |
| 1/11/2007 | 4351 | 37.15 | (161,649.64) |
| 1/11/2007 | **-4351** | **(37.26)** | 162,103.29 |

        Thank you for your attention to this matter.

              Respectfully,

              Timothy Tobin

Exhibit 1
- 20-



DW DANIELS NJ 070
19 OCT 2014 PM 6 L



Mr. Timothy Tobin

HANSEN SECURITIES LITIGATION
CLAIMS ADMINISTRATOR
c/o GILARDI & CO. LLC
P.O. BOX 8040
SAN RAFAEL, CA 94912-8040

94912804040



RECEIVED PR
OCT 1 4 2014
CLAIMS CENTER

Exhibit 1
- 21-